1 MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
2 max.fischer@morganlewis.com
Brian Fahy, Bar No. 266750
3 brian.fahy@morganlewis.com
Tuyet Nguyen, Bar No. 256431
4 tuyet.nguyen@morganlewis.com
300 South Grand Avenue
5 Twenty-Second Floor
Los Angeles, CA  90071
6 Tel:    +1.213.612.2500
Fax:    +1.213.612.2501
7
Attorneys for Defendants
8 AMAZON.COM SERVICES, INC., AMAZON.COM,
LLC, AMAZON.COM, INC., AMAZON.COM
9 SERVICES LLC, AMAZON FULFILLMENT
SERVICES, INC., and AMAZON LOGISTICS, INC.
10
UNITED STATES DISTRICT COURT
11
CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13 ALEXIS GOMEZ, MARIO GONZALEZ, VIVIAN Y. RAMOS VALDERRAMA, 14 RONELLE SILAS, DOMINIQUE GONZALES, and FRANCISCO ZULETA, on 15 behalf of themselves and all others similarly situated, 16 *Plaintiffs*, 17 vs. 18 RAPID PASADENA SERVICES, LLC, RAPID SAMEDAY LOGISTICS, LLC, RAPID 19 LOGISTICS COURIER, LLC, RAPID LOGISTICS, LLC, RAPID LOGISTICS, ETAI 20 FISHBEIN, AMAZON.COM SERVICES, INC., AMAZON.COM, LLC, AMAZON.COM, INC., 21 AMAZON.COM SERVICES LLC, AMAZON FULFILLMENT SERVICES, INC., and 22 AMAZON LOGISTICS, INC. 23 *Defendants*. | Case No. __2:21-cv-1053__<br><br>**DEFENDANT AMAZON'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, 1453]**<br><br>Complaint Filed:   December 11, 2020<br>Complaint Served: January 5, 2021 |

24
25
26
27
28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendants Amazon.com Services, Inc., Amazon.com, LLC, Amazon.com, Inc., Amazon.com Services LLC, Amazon Fulfillment Services, Inc.,[1] and Amazon Logistics, Inc. (collectively, "Amazon"), by and through their counsel, remove the above-entitled action to this Court from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Amazon bases its removal on the following grounds:

## I.   PROCEDURAL BACKGROUND

1.      On August 27, 2019, Plaintiff Alexis Gomez ("Gomez") filed a putative class action complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Alexis Gomez, individually and on behalf of all others similarly situated v. Rapid Pasadena Services, LLC, Amazon.Com Services Inc., Etai Fishbein, and Does 1-20*, Case No. 19STCV30192 (the *Gomez* Matter").  On November 15, 2019, Gomez filed an Amended Complaint.

2.      On September 30, 2019, Plaintiff Mario Gonzalez ("Gonzalez") filed a putative class action complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Mario Gonzalez, on behalf of himself, and all others similarly situated and aggrieved v. Amazon.com Services, Inc., Amazon.Com, Inc., Rapid Pasadena Services, LLC, Rapid Sameday Logistics, LLC, and Does 1-20*, Case No. 19STCV34575 (the "*Gonzalez* Matter").

3.      On October 16, 2019, Plaintiff Ronelle Silas ("Silas") filed a putative class action complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Ronelle Silas, individually and on behalf of other members of the general public similarly situated v. Rapid Logistics Courier, LLC, Rapid Sameday Logistics, LLC, and Does 1-100*, Case No. 19STCV36888 (the "*Silas* Matter").

4.      On December 2, 2019, Plaintiff Vivian Y. Ramos Valderrama ("Valderrama")

---

[1] Amazon.com Services, Inc., Amazon.com, LLC, Amazon.com, Inc., Amazon.com Services LLC, and Amazon Fulfillment Services, Inc. are erroneously named defendants because only Amazon Logistics, Inc. contracted with Rapid (as defined herein) respecting delivery services.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

1    filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled

2    *Vivian Y. Ramos Valderrama v. Amazon.com Services, Inc., Amazon.Com, Inc., Rapid Pasadena*

3    *Services, LLC, and Does 1-20*, Case No. 19STCV43225 (the "*Valderrama* Matter").  On January

4    22, 2020, Valderrama amended her complaint to include class allegations.

5            5.      On January 16, 2020, Plaintiff Dominique Gonzales ("Gonzales") filed a putative

6    class action complaint in the Superior Court of the State of California, County of Sacramento,

7    entitled *Dominique Gonzales, individually and on behalf of other members of the general public*

8    *similarly situated v. Rapid Logistics Courier, LLC, Rapid Logistics, LLC, Rapid Logistics, and*

9    *Does 1-100*, Case No. 34-2020-00273567-CU-OE-GDS (the "*Gonzales* Matter").

10           6.      On March 11, 2020, the Honorable Judge Daniel Buckley of the Superior Court of

11   California, County of Los Angeles ordered the *Gomez* Matter, the *Gonzalez* Matter, the *Silas*

12   Matter, and the *Valderrama* Matter consolidated for all purposes and designated the *Gomez*

13   Matter as the lead case.

14           7.      On May 26, 2020, Plaintiff Francisco Zuleta ("Zuleta") filed a putative class action

15   complaint in the Superior Court of the State of California, County of Los Angeles, entitled

16   *Francisco Zuleta, on behalf of himself and others similarly situated v. Rapid Pasadena Services,*

17   *LLC, Amazon.Com LLC, Amazon.Com Services LLC, Amazon Logistics, Inc. Amazon Fulfilment*

18   *Services, Inc., and Does 1-100*, Case No. 20STCV20163 (the "*Zuleta* Matter").

19           8.      On September 23, 2020, the Superior Court of California, County of Sacramento

20   transferred the *Gonzales* Matter to the Superior Court of California, County of Los Angeles where

21   it was assigned Case Number 20STCV36240.

22           9.      On October 5, 2020, Judge Daniel Buckley consolidated for all purposes the

23   *Zuleta* Matter and the *Gonzales* Matter with the *Gomez* Matter, thereby creating the

24   "Consolidated Action" consisting of the *Gomez* Matter, the *Gonzalez* Matter, the *Silas* Matter, the

25   *Valderrama* Matter, the *Gonzales* Matter, and the *Zuleta* Matter.

26           10.     On December 4, 2020, Judge Buckley ordered Plaintiffs to file a consolidated

27   complaint by December 11, 2020.

28           11.     On December 11, 2020, Plaintiffs filed the Consolidated Complaint against

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

Amazon (naming Amazon.Com Services, Inc., Amazon.Com, LLC, Amazon.Com, Inc., Amazon.Com Services LLC, Amazon Fulfillment Services, Inc., Amazon Logistics, Inc.), Rapid Pasadena Services, LLC, Rapid Sameday Logistics, LLC, Rapid Logistics Courier, LLC, Rapid Logistics, LLC, Rapid Logistics, and Etai Fishbein (collectively "Rapid," Rapid and Amazon together, "Defendants")

12.     On January 5, 2021, Plaintiffs served the Consolidated Complaint upon Defendants via Case Anywhere.  True and correct copies of the Consolidated Complaint and Proof of Service are attached hereto as **Exhibit A**.  On February 3, 2021, Amazon answered the Consolidated Complaint.  True and correct copies of Amazon's Answer to the Consolidated Complaint and Proof of Service are attached hereto as **Exhibit B.**  True and correct copies of the remaining pleadings, process, and orders served upon Amazon or filed in the *Gomez* Matter, the *Gonzalez* Matter, the *Silas* Matter, the *Valderrama* Matter, the *Gonzales* Matter, the *Zuleta* Matter, and the Consolidated Action are attached hereto as **Exhibit C**.

13.     In the Consolidated Complaint, Plaintiffs allege that they worked for Defendants as non-exempt hourly employees.  (Exh. A, Cons. Compl., ¶ 58.)  Plaintiffs seek to bring their class action on behalf of all others "similarly situated," and assert claims on behalf of the following putative classes and sub-classes:

> "Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California at any time during the four years preceding the filing of this action." (Id., ¶ 58, the "Hourly Employee Class").

> "Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California as a 'driver' at any time during the four years preceding the filing of this action."  (*Id.*, ¶ 59, the "Hourly Driver Sub-Class").

> "Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California as a 'dispatcher' at any time during the four years preceding the filing of this action."  (*Id.*, ¶ 60, the "Hourly Dispatcher Sub-Class").

14.     Additionally, Gonzalez seeks to represent the following putative sub-class:

> "Current and former non-exempt employees that were or are currently misclassified as exempt employees that worked for both Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

Amazon and Rapid Defendants in California at any time during the four years preceding the filing of this action.  (*Id.*, ¶ 61., the "Exempt Employee Sub-Class").

15.    Plaintiffs assert claims for:  (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay all wages earned; (4) failure to pay minimum wage; (5) failure to pay overtime; (6) failure to provide accurate written wage statements; (7) failure to pay all final wages; (8) failure to indemnify employees for necessary expenditures; (9) unfair competition; and (10) civil penalties pursuant to California's Private Attorneys General Act, CA Labor Code § 2698, *et seq.* ("PAGA").

16.    Based on Plaintiffs' apparent theory that they and other putative class member delivery drivers and dispatchers were jointly employed and misclassified by Rapid and Amazon, Amazon has calculated the amount in controversy as set forth below.  Amazon denies that it employed or jointly employed Plaintiffs or any other Rapid employees, that it violated any laws respecting them, or that Plaintiffs are entitled to any relief.  Amazon reserves the right to provide additional calculations if Plaintiffs' theories change.

## II.    REMOVAL IS TIMELY

17.    Amazon was served with the Consolidated Complaint on January 5, 2021.  Because this Notice of Removal is filed within thirty days of service of the Consolidated Complaint, it is timely under 28 U.S.C. §§ 1446(b)(3) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

18.    Plaintiffs bring this action as a putative class action under California Code Civ. Proc. § 382.  (Exh. A, Cons. Compl., ¶ 5.)[2]  Removal based upon Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and one

---

[2] Amazon denies and reserve the right to contest at the appropriate time, that this action can properly proceed as a class or representative action.  Amazon further denies Plaintiffs' claims and deny that they can recover any damages or civil penalties.

1   Defendant, (ii) the aggregate number of putative class members in all proposed classes is 100 or

2   greater; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5

3   million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453.  Although

4   Amazon denies Plaintiffs' factual allegations and denies that Plaintiffs—or the classes they

5   purport to represent—are entitled to the relief requested, based on Plaintiffs' allegations in the

6   Consolidated Complaint and prayer for relief, all requirements for jurisdiction under CAFA have

7   been met in this case.

8         A.      **<u>Minimal Diversity of Citizenship Exists as Amazon Is Not a California</u>**
                    **<u>Citizen</u>.**

9

10        19.     To satisfy CAFA's diversity requirement, a party seeking removal need only show

11   that minimal diversity exists; that is, that one putative class member is a citizen of a state different

12   from any defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg.,*

13   *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d

14   1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

15   original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth

16   in 28 U.S.C. § 1332(d)(2)).

17        20.     The Consolidated Complaint alleges that "Plaintiffs reside in and worked for

18   Defendants in Los Angeles County," (Exh. A, Cons. Compl., ¶ 6) and makes the following

19   allegations relevant to the citizenship of each Plaintiff:

20           "Plaintiff Alexis Gomez is a citizen of California and resident of Downey,
      California, who was employed by Defendants in Los Angeles County, California

21         as a delivery driver, within the last four years preceding the filing of this action."
      (*Id.*, ¶ 27).

22

23           "Plaintiff Valderrama, at all times relevant to this action, resided in
      County of Los Angeles."  (*Id.*, ¶ 34).

24           "Plaintiff RONELLE SILAS resides in and was employed by Defendants

25         in Los Angeles County, California as a dispatcher, within the last four years
      preceding the filing of the Silas lawsuit."  (*Id.*, ¶ 37).

26           "Plaintiff Dominique Gonzales resides in and was employed by

27         Defendants in Los Angeles County, California as a delivery driver, within the last
      four years preceding the filing of the Gonzales lawsuit."  (*Id.*, ¶ 38).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

"Plaintiff Francisco Zuleta was employed by Defendants as a non-exempt, hourly paid driver performing Amazon-related delivery services in California within four years prior to his May 26, 2020 filing of his complaint until the end of May 2019 when Plaintiff's employment with Defendants ended." (*Id.*, ¶ 39).

21.     The Complaint does not allege that any Plaintiff is a citizen of any other state. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011).  Therefore, Gomez, Gonzales, Silas, Valderrama, and Zuleta are citizens of California for diversity jurisdiction purposes.[3]

22.     Defendant Amazon Logistics, Inc., the corporation that entered into a delivery services contract with Rapid Pasadena Services, LLC, Rapid Sameday Logistics, LLC, and Rapid Logistics Courier, LLC,[4] is a citizen of Washington and Delaware for the purposes of diversity jurisdiction.  Under 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the

---

[3] The Consolidated Complaint contains no individual allegations about where Plaintiff Gonzalez worked or resided.  However, based on Amazon's review of relevant records related to Plaintiff Gonzalez, Amazon is informed and believes and therefore alleges that Plaintiff Gonzalez resided and worked in California during all times relevant to this action.  Further, Plaintiff Gonzalez does not allege that he resided or worked in any state other than California.  In any event, CAFA only requires diversity of citizenship between one putative class member and one defendant.  28 U.S.C. § 1332(d)(2).  Thus, because (as shown herein), Amazon is a citizen of Delaware and Washington, diversity exists between Amazon and the other five Plaintiffs, thus meeting CAFA's diversity requirements.

[4] The other Amazon Defendants are not relevant to the Consolidated Action (and in some cases do not exist). And because CAFA only requires diversity of citizenship between one putative class member and one defendant, 28 U.S.C. § 1332(d)(2), their citizenship is ultimately immaterial.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

1    headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,'

2    and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v.*

3    *Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).  Amazon Logistics, Inc. is incorporated

4    under the laws of Delaware and has its headquarters and principal place of business in Seattle,

5    Washington.

6         23.    Amazon's corporate decisions generally are made in Seattle, Washington,

7    including its operation, executive, administrative, and policymaking decisions.  The majority of

8    Amazon's executive officers principally conduct their business from headquarters in Washington.

9    Thus, at all times relevant hereto, Amazon's citizenship has been Delaware and Washington, and

10   not California.

11        24.    Therefore, based on the Consolidated Complaint, at least one member of the

12   putative class is a citizen of a state different than one Defendant.  As a result, diversity

13   jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity"

14   under which "any member of a class of plaintiffs is a citizen of a State different from any

15   Defendant").

16        **B.**    **The Putative Class Has More than 100 Members.**

17        25.    Based on Plaintiffs' definitions, the putative class and subclasses contain more

18   than 100 members.  Based on the available data, Amazon is informed and believes that Rapid

19   employed more than 800 individuals who delivered products to Amazon customers in California

20   during the period between December 12, 2016 through December 11, 2020, (the four years

21   preceding the filing of the Consolidated Complaint).

22        **C.**    **The Amount in Controversy Exceeds Five Million Dollars.**

23        26.    Pursuant to CAFA, the claims of the individual members in a class action are

24   aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and

25   costs.  28 U.S.C. § 1332(d)(6).  Because Plaintiffs do not expressly plead a specific amount of

26   class damages, Amazon need only show that it is more likely than not that the amount in

27   controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376

28   (9th Cir. 1997).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

27.     Amazon's burden to establish the amount in controversy is by a preponderance of the evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5 million,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

28.     "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted); *see also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").  The ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe.  *LaCross*, 775 F.3d at 1202 (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy").

29.     Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations.  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) ("a removing defendant's notice of removal **need not contain evidentiary submissions** but only plausible allegations of jurisdictional elements.") (internal quotations omitted) (emphasis added).  However, as detailed below, Amazon has both plausibly alleged and shown that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. As discussed below, when the claims of the putative class members in the present case are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

1    aggregated, their claims put into controversy over $5 million in potential damages.  *See* 28 U.S.C.

2    § 1332(d)(2).

3          30.    Although Amazon denies Plaintiffs' factual allegations and denies that they or the

4    putative class and subclasses they seek to represent are entitled to the relief for which they have

5    prayed, Plaintiffs' allegations and prayer for relief have "more likely than not" put into

6    controversy an amount that exceeds the $5 million threshold when aggregating the claims of the

7    putative class members as set forth in 28 U.S.C. § 1332(d)(6).[5]

8          31.    As explained above, Plaintiffs seek to represent a putative class of more than 800

9    members.  Amazon has reviewed certain data concerning the putative class and subclasses of

10   Rapid employees that Plaintiffs seeks to represent.  Based on the allegations in the Consolidated

11   Complaint, Plaintiffs have put more than $5 million in controversy as set forth below, and CAFA

12   removal is appropriate.

                   **1.    Plaintiffs' Causes of Action For Failure to Provide Meal and Rest**
13                         **Periods Put at Least $1,697,724 in Controversy.**
14
15         32.    Plaintiffs define "Class" and "Class Members" as "Plaintiffs and all other similarly

16   situated individuals [who] were jointly employed by Defendants [] during the four years

     preceding the filing of the of this action, and continuing while this action is pending [], and [who]
17
     were denied the benefits and protections required under the California Labor Code and other
18
     statutes and regulations applicable to employees in the State of California."  Exh. A, Cons.
19
     Compl., ¶ 2.
20
           33.    Plaintiffs allege that "Defendants had a policy and/or practice of ***requiring***
21

22   _____

23   [5] This Notice of Removal discusses the nature and amount of damages placed at issue by
     Plaintiffs' Complaint.  Amazon's references to specific damage amounts and citation to
24   comparable cases are provided solely for establishing the amount placed in controversy by
     Plaintiffs' allegations is more likely than not in excess of the jurisdictional minimum.  Amazon
25   maintains that each of Plaintiffs' claims is without merit and Amazon is not liable to Plaintiffs or
     any putative class member.  Amazon expressly denies that Plaintiff or any putative class member
26   is entitled to recover any of the penalties sought in the Consolidated Complaint.  In addition,
     Amazon denies that liability or damages can be established on a class-wide basis.  No statement
     or reference contained herein shall constitute an admission of liability or a suggestion that
27   Plaintiffs will or could actually recover any damages based upon the allegations contained in the
     Consolidated Complaint or otherwise.  "The amount in controversy is simply an estimate of the
28   total amount in dispute, not a prospective assessment of [Amazon's] liability."  *Lewis v. Verizon
     Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9                          DEFENDANT AMAZON'S NOTICE OF
                           REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

Plaintiffs and other Class Members to *either take their meal period after the end of their fifth hour of work, interrupt or cut their meal period short of thirty minutes, or skip their meal period entirely, in order to perform work on their delivery routes*." *Id.*, ¶ 75 (emphasis added). Similarly, Plaintiffs allege that "Defendants had a policy and/or practice of *requiring* Plaintiffs and other Class Members to *either take their rest period late, interrupt or cut their rest period short of ten minutes, or skip their rest period entirely, in order to perform work in on their delivery routes*." *Id.*, ¶ 83 (emphasis added). Plaintiffs further allege that "Defendants have a policy and/or practice to *never* leave the delivery vehicles unattended and thus Plaintiffs and putative Class Members *were unable to leave their vehicles for a meal or rest period*." *Id.*, ¶ 48 (emphasis added). Finally, Plaintiffs allege that "Defendants had a policy and procedure of *automatically deducting meal periods from each driver's daily hours worked* regardless of whether the driver received a meal period or received a shorter meal period than 30 minutes." *Id.*, ¶ 100.

34. Thus, based on these allegations, Plaintiffs claim that they and the putative Class Members were never provided a compliant meal break or authorized and permitted to take a compliant rest break on any shift in which the provision of a meal or rest break was legally required.

35. Labor Code § 512(a) states that non-exempt employees must be provided an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours. Labor Code § 226.7(b) states that if an employer fails to provide an employee a meal or rest period in accordance with state law, the employer shall pay the employee one additional hour of pay for each workday that the meal or rest period is not provided. The Complaint alleges that Defendants failed to pay Plaintiff and Class Members this additional hour of pay when required meal and rest periods were not provided. (Exh. A, Cons. Compl., ¶ 76.)

36. Based on Plaintiffs' class definition, the amount in controversy for these claims alone exceeds $1.6 million. The relevant time period for these claims is December 13, 2016 through the present. (*Id.*, ¶¶ 76, 84.) During this time period, Rapid personnel worked at least 60,633 shifts in excess of five hours making deliveries to Amazon customers. Amazon is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

informed and believes that Plaintiff Gomez's average hourly rate was $14.00 and an average of Plaintiff Valderrama's hourly rate is $13.92, so Amazon has utilized an hourly rate of $14/hour in its calculations here.  However, Amazon is informed and believes that this hourly rate is lower than the average hourly rate of Rapid employees in California during the relevant time period, so its calculations likely underestimate potential damages on these claims.  Given Plaintiffs' allegations that Defendants prevented and discouraged Rapid employees from ever taking compliant meal periods or rest periods, Amazon (and Rapid) would be liable for two hours of pay for each shift worked by Class Members in excess of five hours—one for the alleged meal period violation and one for the alleged rest period violation.  Therefore, assuming an hourly rate of $14.00, the first and second causes of action place at least **$1,697,724** in controversy: ($14.00 per hour x 60,633 shifts) + ($14.00 per hour x 60,633 shifts) =$1,697,724.

### 2. Plaintiffs' Causes of Action For Failure to Pay Hourly and Overtime Wages Places $853,106.31 in Controversy.

37.     The Consolidated Complaint alleges that "Plaintiffs and other non-exempt employees working as drivers performing Amazon-related delivery services would work on shifts in excess of 8 hours in a day, at times in excess of 14 hours in a day, and in excess of 40 hours in a week, or on a seventh consecutive day in a workweek."  (Exh. A, Compl., ¶¶ 49).  Plaintiffs further allege that Defendants "had a policy and procedure of automatically deducting meal periods from each driver's daily hours worked regardless of whether the driver received a meal period or received a shorter meal period than 30 minutes" and "a policy and/or practice of not providing dispatchers with any time to take rest breaks or take lunches, and failing to pay dispatchers time-and-a-half for overtime hours worked."  (*Id.*, ¶¶ 49, 100).  Plaintiffs allege that this meal period auto-deduct policy "resulted in Plaintiffs and other non-exempt employees working as drivers performing Amazon-related delivery services having time deducted from their daily hours even though they were working and did not receive a meal period and/or received less than a thirty minute meal period" and "Defendants failing to pay wages for this work time at least at a minimum wage rate or overtime, to the extent the time qualified as overtime, for the improperly deducted time which Plaintiffs and the drivers performing Amazon-related delivery

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

services were working and not on a meal break." (*Id.*, ¶ 49).

38.    Additionally, Plaintiffs allege that "Defendants also required that Plaintiffs and other similarly situated employees working as drivers in California performing Amazon-related delivery services show up to work and pick up mandatory communication devices and keys to vehicles used for making deliveries at the beginning of their shift which included time waiting in line in order to pick up the devices and keys prior to their shift," that "[t]his mandatory procedure of picking up communication devices and keys was before Plaintiffs and other similarly situated employees had clocked in for the day[,]" and thus "Defendants did not pay Plaintiffs and other similarly situated employees for this time even though it was required by Defendants and for the benefit of Defendants." (*Id.*, ¶ 50).

39.    Plaintiffs allege that Defendants unlawfully auto-deducted 30-minute meal periods from their and their class members' time every day, regardless of whether a meal period was taken.  Additionally, Plaintiffs allege that they were required to "wait in line" to pick up devices and keys for every shift without being compensated for that time.  Because Plaintiffs allege that they worked at least 10 hours per day (*see* Exh. A, Cons. Compl., ¶ 41, alleging "each driver's workload was structured by Defendant Amazon to ensure a minimum 10-11 hour workday"), the allegedly deducted 30 minutes from each meal-period eligible shift and the alleged unpaid pre-shift time resulted in Plaintiffs and class members working unpaid overtime, such that they must be compensated at the employees' overtime rate of pay for that time.  Assuming a $14.00 hourly rate for the class and 40 minutes of unpaid overtime per meal-period eligible shift (30 minutes for the meal period and 10 minutes for the alleged pre-work waiting process), Plaintiff's causes of action for failure to pay hourly and overtime wages places at least **$853,106.31** in controversy: $14.00 x 1.5 x 0.67 hours x 60,633 shifts = $853,106.31.[6]

---

[6] This estimate does not account for Gonzalez's allegations that he "worked approximately 50-60 hours a week" and was paid a flat salary "no matter how many hours he worked" (Exh. A, Cons. Compl., ¶33) or Valderrama's allegation that she worked "approximately 42 hours per week." (*Id.*, ¶ 35-36).  If the purported class worked either 42 hours per week or 50-60 hours per week, or a day rate, without any required overtime pay as alleged, that would add additional amounts to the amount in controversy.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

**3. Plaintiffs' Cause of Action For Failure to Provide Accurate Written Wage Statements Places $330,050 in Controversy.**

40. Plaintiffs allege that "Defendants' failure to furnish accurate and timely wages statements to Plaintiffs and the other Class Members was knowing and intentional," and that "Defendants knowingly and intentionally put in place practices which deprived employees of Defendants including Defendants' failure to pay all minimum wage and overtime due for all hours worked, failure to provide meal and rest period premiums, and failure to record all time worked and meal periods taken which resulted in Defendants' knowing and intentional failure to provide accurate wage statements." (Exh. A, Cons. Compl., ¶ 119). Plaintiffs seek to recover "the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e)." (*Id.*, ¶ 120).

41. Under California Labor Code § 226, "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. Cal. Lab. Code § 226(e)(1).

42. Here, during the relevant one-year statute of limitations period, Amazon is informed and believes that Rapid provided wage statements to putative class members on a semi-monthly basis. During the period of December 13, 2019 to the present, Amazon is informed and believes that at least 531 Rapid employees made deliveries to Amazon customers. Amazon is further informed and believes that Rapid issued approximately 3,566 wage statements during this period to these employees. Thus, Plaintiffs' cause of action for failure to provide accurate wage statements puts **$330,050** in controversy: 531 employees during the applicable limitations period x $50 penalty for initial pay period = $26,550 + (3,035 subsequent pay periods x $100 penalty = $303,500), equaling total claimed penalties of $330,050.

1

2

### 4.    Plaintiffs' Cause of Action For Failure to Pay All Final Wages Places at Least $2,263,800 in Controversy.

43.    Plaintiffs allege that "Defendants failed to pay Plaintiffs and other terminated Class Members all wages earned and unpaid at the time of termination timely in accordance with Labor Code sections 201 or 202" and that "[t]heir earned and unpaid wages at the time of termination include, but are not limited to, wages for hours worked off the clock, wages for all overtime hours worked, and additional pay for workdays Defendants failed to provide all legally compliant and legally required meal and rest periods." (Exh. A, Cons. Compl., ¶ 124).  Plaintiffs allege that "Defendants' failure to pay Plaintiffs and other terminated Class Members or Class Members who resigned all wages earned prior to termination in accordance with Labor Code sections 201 or 202 was willful." (*Id.*, ¶ 125).

44.    A claim that an employer willfully withheld payment upon termination is subject to a three-year statute of limitations.  Cal. Lab. Code § 203.  Amazon is informed and believes that between December 12, 2017 and December 11, 2020, there were at least 539 employees of Rapid who performed deliveries to Amazon customers who separated their employment from Rapid.  Plaintiffs allege that these former Rapid employees are still owed unpaid final wages, and the Consolidated Complaint seeks a full 30 days of waiting time penalties for each employee who was terminated or resigned during the applicable limitations period.  (Exh. A, Cons. Compl., ¶¶ 127-28).  The Consolidated Complaint does not allege that all overtime and minimum wages owed have been paid to these employees, and indeed seeks those wages as damages.  *See Ford v. CEC Entm't, Inc.*, 2014 WL 3377990 (N.D. Cal. 2014) ("Assuming a 100% violation rate is thus reasonably grounded in the complaint . . . [b]ecause no averment in the complaint supports an inference that these sums were ever paid.").  Assuming these employees' final rate of pay was $14.00 per hour, and they worked at least 10 hours per day (*see* Exh. A, Cons. Compl., ¶ 41, alleging "each driver's workload was structured by Defendant Amazon to ensure a minimum 10-11 hour workday"), the Consolidated Complaint puts in controversy Labor Code Section 203 waiting time penalties of $4,200 per terminated employee ($14.00 x 10 x 30)[7], or at least

---

[7] As noted, *infra*, this calculation utilizes a conservative estimate of $14/hour, thus the actual exposure on this claim exceeds the amount noted in this removal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

$2,263,800 in the aggregate ($4,200 x 539).

### 5.   Plaintiffs' Cause of Action For Failure to Reimburse Business Expenses Places at least $194,750 in Controversy.

45.   Plaintiffs allege that "[a]s part of their duties, Plaintiffs and similarly situated employees were required to use their cell phones to receive and make calls and/or were required to have their cell phones ready and on in order to receive or make calls if necessary," but that "Defendants did not provide reimbursement to Plaintiffs and similarly situated employees for use of their cell phones."  (Exh. A, Cons. Compl., ¶ 52).  Plaintiffs, on behalf of themselves and other Rapid employees, additionally seek reimbursement "for all necessary expenditures incurred in discharge of their duties or at instruction of Defendants."  (*Id.*, ¶ 54).

46.   Amazon is informed and believes that during the four years preceding the filing of the Consolidated Complaint, Rapid employees worked a total of at least 3,895 months.  Plaintiffs do not allege the amounts sought for these expenses, but assuming a $50 per month reimbursement amount, *see Anderson v. Starbucks Corporation*, Case No. 20-1178, United States District Court for the Northern District of California, ECF No. 29 (December 31, 2020) (finding reasonable a $50 per month assumption for the cost of a cell phone), this claim puts $194,750 into controversy ($50 per month for 3,895 months).

47.   The total amount in controversy for these causes of action alone is therefore ***at least* $5,339,430.31** ($1,697,724 + $853,106.31 + $330,050 + $2,263,800 + $194,750), based on the allegations in the claims discussed above.  Thus, the CAFA $5 million requirement is satisfied based on these claims alone.  However, Plaintiffs' other claims place additional amounts in controversy.

### 6.   Plaintiffs' Request for Attorneys' Fees Places Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.

48.   Plaintiffs seek to recover attorneys' fees under various provisions of the Labor Code, including section 226.  (Exh. A, Cons. Compl. ¶¶ 78, 86, 92, 104, 113, 120, 129, 136, 140, and Prayer for Relief ¶¶ e, f, g, h, i, and l.)  Future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793–94 (9th

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

49. While the CAFA minimum amount in controversy of $5 million is met without even considering attorneys' fees, using 25% of the amount in controversy in this case, as detailed above, the inclusion of attorneys' fees would add at least another $1,334,857.58 in controversy (25% of $5,339,430.31).

## D.   <u>CAFA's Exceptions to Removal Do Not Apply.</u>

50. CAFA's "home-state" and "local controversy" exceptions do not apply to this removal. The "home state" exception prevents CAFA removal only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("[Home state] test requires that all 'primary defendants' be residents of the same state in which the action is filed."). Here, Plaintiffs brought all claims in the Consolidated Complaint against Amazon and Rapid, seeking damages against both without distinction. (Exh. A, Cons. Compl. ¶¶ 71–146, Prayer for Relief) (alleging violations against all Defendants equally).) Because Plaintiffs seek to recover amounts equally against the Defendants, Amazon is a "real target" of the lawsuit and is a primary defendant in this case. *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 506 (3d Cir. 2013) (finding that all defendants were "primary defendants" when the plaintiff appeared to apportion liability equally among them); *Harrington v. Mattel, Inc.*, No. C07-05110 MJJ, 2007 WL 4556920, at *5 (N.D. Cal. Dec. 20, 2007) (holding that Mattel, Inc. and its wholly owned subsidiary, Fisher-Price, Inc., were both "primary defendants"). Amazon is not a citizen of California, the state where this action was originally filed, and so the home state exception to CAFA removal does not apply.

51. The "local controversy" exception to CAFA jurisdiction also does not apply

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

1   because during the three-year period prior to the filing of this action, more than one "class action

2   has been filed asserting the same or similar factual allegations against any of the defendants on

3   behalf of the same or other persons . . . ."  *See* 28 U.S.C. § 1332(d)(4)(A); *see also Chalian v.*

4   *CVS Pharmacy, Inc.*, No. CV1608979ABAGRX, 2017 WL 1377589, at *3 (C.D. Cal. Apr. 11,

5   2017) (holding that the local controversy exception did not apply where similar class action

6   lawsuits had been filed against defendants in the past three years).

7        52.    On November 5, 2020, Plaintiff Arturo Romero filed a class action complaint in

8   the Superior Court of California, County of Alameda, which asserted similar Labor Code

9   violations against Amazon.Com Services, LLC on behalf of a class of other delivery drivers who

10   worked for a different delivery service provider and were alleged to also be employed by

11   Amazon.  Attached hereto as **Exhibit D** is a true and correct copy of this class action complaint,

12   which was filed in *Arturo Romero, on behalf of himself all others similarly situated v. Greenwich*

13   *Logistics, LLC, et al.*, Case No. RG20079742.  In addition, on August 24, 2018, Yolanda

14   Champion filed a putative class action complaint in the Northern District of California, which

15   asserted similar Labor Code violations against Amazon on behalf of a class of other delivery

16   drivers who worked for a different delivery service provider and were alleged to also be

17   employed by Amazon.  Attached hereto as **Exhibit E** is a true and correct copy of this class

18   action complaint, which was filed in *Yolanda Champion, on behalf of herself, all others similarly*

19   *situated v. Amazon.com, LLC, a Delaware limited liability company; NEA Delivery, LLC, dba*

20   *Fast Delivery Services, a California limited liability company, and Does 1 through 50, inclusive*,

21   Northern District of California Case No. 3:18-cv-05222.  *See* 28 U.S.C. § 1332(d)(4)(A).[8]

22

23

---

24   [8] The "local controversy" exception also does not apply if Amazon Logistics, Inc. is viewed as
     the proper defendant.  For example, on March 8, 2019, Plaintiffs Shaun Baskerville, Jonathan
25   Davis, and Caesar Juarez filed a first amended consolidated class action complaint in the Superior
     Court of California for the County of Los Angeles, which asserted class action claims based on
26   the same or similar Labor Code sections against Amazon on behalf of delivery
     drivers who worked for another service provider.  Attached hereto as **Exhibit F** is a true and
27   correct copy of this class action complaint, which was filed in *Shaun Baskerville; Jonathan*
     *Davis; Caesar Juarez on behalf of themselves, all others similarly situated, and the general*
28   *public v. Prompt Delivery, Inc., DBA Southern California Messengers; Amazon Logistics, Inc.*
     *and DOES 1 through 20, inclusive*, Los Angeles Superior Court, Case No. BC634669.

17        DEFENDANT AMAZON'S NOTICE OF
          REMOVAL [28 U.S.C. §§ 1332, 1441, 1446, 1453]

1   IV.   **VENUE**

2        53.   This action was originally filed in the California Superior Court for the County of

3   Los Angeles.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a),

4   because it encompasses the county in which this action has been pending.

5   V.   **NOTICE**

6        54.   Amazon will promptly serve this Notice of Removal on all parties and will

7   promptly file a copy of this Notice of Removal with the clerk of the state court in which the

8   action is pending, as required under 28 U.S.C. § 1446(d).

9   VI.   **CONCLUSION**

10        Based on the foregoing, Amazon requests that this action be removed to this Court.  If any

11   question arises as to the propriety of the removal of this action, Amazon respectfully requests the

12   opportunity to present a brief and oral argument in support of its position that this case is subject

13   to removal.

14   Dated: February 4, 2021                    MORGAN, LEWIS & BOCKIUS LLP

15

16                                          By      */s/ Max C. Fischer*
                                               Max Fischer
17                                               Brian Fahy
                                               Tuyet Nguyen
18                                               Attorneys for Defendants
                                               AMAZON.COM SERVICES, INC.,
19                                               AMAZON.COM, LLC, AMAZON.COM,
                                               INC., AMAZON.COM SERVICES LLC,
20                                               AMAZON FULFILLMENT SERVICES,
                                               INC., and AMAZON LOGISTICS, INC.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18