# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 11 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

**MAKAREM & ASSOCIATES, APLC**
Ronald W. Makarem, Esq. (SBN 180442)
Wiliam A. Baird, Esq.- Of Counsel (SBN 192675)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Plaintiff Alexis Gomez, individually and on behalf of all
others similarly situated

Ramin R. Younessi, Esq. (SBN 175020)
Liliuokalani H. Martin, Esq. (SBN 292778)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

BY FAX

Attorney for Plaintiffs Mario Gonzalez and Vivian Y. Ramos Valderrama,
on behalf of themselves; and all others similarly situated, and aggrieved

(Additional Counsel on the page following the case caption)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALEXIS GOMEZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>RAPID PASADENA SERVICES, LLC., a California Corporation; AMAZON.COM SERVICES, INC., a Delaware corporation, ETAI FISHBEIN, an individual, and DOES 1 through 20, inclusive.<br><br>       Defendants.<br><br>MARIO GONZALEZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC., a Delaware Corporation, AMAZON COM, INC , an entity of unknown form, RAPID PASADENA SERVICES, LLC, a California Limited | LEAD CASE NO.: 19STCV30192<br>CASE NOS.; 19STCV34575; 19STCV43225; 19STCV36888; 20STCV20163<br><br>*[Assigned to Hon. Judge Daniel J. Buckley]*<br><br>**CLASS ACTION**<br><br>**CONSOLIDATED COMPLAINT FOR:**<br><br>1. **Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198)**<br><br>2. **Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7. and 1198)**<br><br>3. **Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198)**<br><br>4. **Failure to Pay Minimum Wages (Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1198)** |

- 1 -

Consolidated Complaint for Damages

Liability Company; RAPID SAMEDAY LOGISTICS, LLC, a California limited liability company; and DOES I through 20, inclusive.

Defendants.

VIVIAN Y. RAMOS VALDERRAMA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AMAZON.COM SERVICES, INC., a Delaware Corporation; AMAZON.COM, INC., an entity of unknown form; RAPID PASADENA SERVICES, LLC, a California Limited Liability Company; and DOES 1 through 20, inclusive.

Defendants.

RONELLE SILAS, individually and on behalf of all other members of the public similarly situated,

Plaintiff,

RAPID LOGISTICS COURIER, LLC, a California limited liability company; RAPID SAMEDAY LOGISTICS, LLC, a California limited liability company; and DOES l through 100, inclusive.

Defendants.

DOMINIQUE GONZALES, individually and on behalf of all other members of the public similarly situated,

Plaintiff,

vs.

RAPID LOGISTICS COURIER, LLC, a California limited liability company; RAPID LOGISTICS, LLC, a California limited liability company; RAPID LOGISTICS, an unknown business entity; and DOES 1 through 100, inclusive.

Defendants.

5.  **Failure to Pay Overtime Wages (Lab. Code §§ 510(a), 1194, 1198)**

6.  **Failure to Provide Complete and Accurate Written Wage Statements (Lab. Code § 226(a))**

7.  **Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203)**

8.  **Failure to Indemnify Employees for Necessary Expenditures (Lab. Code §§2800, 2802)**

9.  **Unfair Competition In Violation Of Business & Professions Code Section 17200;**

10. **Penalties Pursuant to Labor Code § 2699, et seq.;**

**[JURY TRIAL DEMANDED]**

First Case Filed:  August 27, 2019
**Trial Date:**        Not Set

1    FRANCISCO ZULETA on behalf of himself
     and others similarly situated.

2       PLAINTIFF,

3

4       vs.

5    RAPID PASADENA SERVICES, LLC, a
     limited liability company; AMAZON.COM
6    LLC, a limited liability company;
     AMAZON.COM SERVICES LLC, a limited
7    liability company; AMAZON LOGISTICS,
     INC., a corporation; AMAZON
8    FULFILLMENT SERVICES, INC., a
     corporation; and DOES 1 to 100, Inclusive.

9

10      DEFENDANTS.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Edwin Aiwazian (SBN 232943)
**LAWYERS for JUSTICE, PC**
2410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Attorney for Plaintiffs Ronelle Silas and Dominique Gonzales,
individually and on behalf of other members of the general public
similarly situated

Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (State Bar No. 146621)
sahagii@aol.com
**Law Offices of Sahag Majarian II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for Plaintiff Francisco Zuleta on behalf of himself and others
similarly situated.

COMES NOW Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronelle Silas, and Francisco Zuleta ("Plaintiffs"), individually and on behalf of all similarly situated individuals, who hereby respectfully allege, aver, and complain, as follows:

### INTRODUCTION

1.      This is a class action brought on behalf of Plaintiffs individually, and all other individuals similarly situated who were employed by Defendants AMAZON.COM SERVICES, INC., AMAZON.COM, LLC, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON FULFILLMENT SERVICES, INC. , AMAZON LOGISTICS, INC., a Delaware corporation (collectively, the defendant "AMAZON"), and Defendants RAPID PASADENA SERVICES, LLC ("RAPID PASADENA"), a California corporation, RAPID SAMEDAY LOGISTICS, LLC, a California Limited Liability Company ("SAMEDAY"); RAPID LOGISTICS COURIER, LLC, a California Limited Liability Company ("RLC"), RAPID LOGISTICS, LLC, a California limited liability company ("RAPID LLC); and RAPID LOGISTICS ("RAPID CO"), an unknown business entity (collectively, the "RAPID DEFENDANTS), and Does 1 through 20, (collectively the "AMAZON," the RAPID DEFENDANTS" and Does 1 through 20 are the "Defendants") as non-exempt hourly employees in the state of California for alleged violations of the Labor and Business and Professions Codes. A set forth below, Plaintiffs allege that Defendants failed to provide them with meal periods, failed to provide them with rest periods, failed to pay them for all hours worked, failed to provide all legally required and legally compliant meal and/or rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay appropriate overtime wages, failed to provide them with accurate written wage statements, failed to timely pay them all of their final wages following separation of employment, and failed to indemnify employees for necessary expenditures incurred in discharge of their duties. Based on these alleged Labor Code violations, Plaintiffs now bring this class action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated.

2.      Plaintiffs and all other similarly situated individuals were jointly employed by Defendants (collectively, the "Class" or "Class Members") during the four years preceding the

filing of this action, and continuing while this action is pending ("Class Period"), and were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to employees in the State of California.

3.      Plaintiffs allege that Defendants (1) failed to provide to Plaintiffs and Class Members compliant meal periods and failed to pay one hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period was not provided; (2) failed to authorize and permit compliant rest periods and failed to pay one hour of pay at the employee's regular rate of compensation for each workday that at least one rest period was non-compliant; (3) failed to pay all wages earned each pay period on the regular payday for the pay period; (4) failed to pay Plaintiffs and Class Members wages at a minimum wage rate for all hours that they were under control of Defendants or were suffered or permitted to work; (5) failed to pay Plaintiffs and Class members all overtime wages for all the overtime hours that they were under control of Defendants or were suffered or permitted to work; (6) failed to provide all required records; (7) failed to pay all earned wages after their employment ended in violation of Labor Code §§ 201 or 202; (8) failed to indemnify Plaintiffs and Class Members for necessary expenditures incurred in the discharge of their duties or obedience to employer directions (7) violated California's Unfair Business Practices Act, California Business & Professions Code §§ 17200, et seq.; and (8) are liable for penalties pursuant to Labor Code § 2699 et. seq.

4.      Plaintiffs and Class Members, pursuant to Business & Professions Code §§17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay proper compensation or reimbursement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10. The action is brought pursuant to Code of Civil Procedure § 382, Civil Code §§ 1781 et seq., and Labor Code section 2699, et seq.  Plaintiffs bring this action on their own behalf, on behalf of the State of California, on behalf of all persons within the Class as hereinafter defined, and on behalf of all aggrieved employees.

6.      Venue is proper in Los Angeles County pursuant to Code of Civil Procedure

§395(a) and §395.5, in that many of the wrongful acts complained of occurred in this County, Plaintiffs reside in and worked for Defendants in Los Angeles County, and Defendants are found, maintain offices, and/or transact business in Los Angeles County.

### CIVIL PENALTIES UNDER LABOR CODE SECTION 2699

7.      During the period beginning one-year period preceding the filing of the original complaint in this action, Defendants violated Labor Code Sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1174, 1194, 1197, 1198 and 2802. Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring and amend a civil action to recover civil penalties pursuant to Labor Code Sections 2699 and 2699.3 et seq. Plaintiffs, on behalf of themselves and all others similarly situated, assert claims for civil penalties under the Private Attorneys General Act of 1994.

### THE PARTIES

**Defendants:**

8.      Plaintiffs are informed and believe and thereon allege that the RAPID DEFENDANTS are a trucking company that contracts with AMAZON  to make and pick up deliveries on behalf of AMAZON  in California.

9.      Plaintiffs are informed and believe and thereon allege that Defendant AMAZON.COM  SERVICES, INC. is and, at all times relevant hereto, was a Delaware corporation authorized to do business in Los Angeles County, California.

10.      Plaintiffs are informed and believe and thereon allege that AMAZON.COM LLC is and, at all times relevant hereto, was a limited liability company authorized to do business in Los Angeles County, California.

11.      Plaintiffs are informed and believe and thereon allege that AMAZON.COM, INC. is and, at all times relevant hereto, was a limited liability company authorized to do business in Los Angeles County, California.

12.      Plaintiffs are informed and believe and thereon allege that AMAZON.COM SERVICES LLC is and, at all times relevant hereto, was a limited liability company authorized to do business in Los Angeles County, California.

13.     Plaintiffs are informed and believe and thereon allege that AMAZON LOGISTICS, INC., is and, at all times relevant hereto, was a Delaware corporation authorized to do business in Los Angeles County, California.

14.     Plaintiffs are informed and believe and thereon allege that AMAZON FULFILLMENT SERVICES, INC., is and, at all times relevant hereto, was a corporation authorized to do business in Los Angeles County, California.

15.     Plaintiffs are informed and believe and thereon allege that RAPID PASADENA is and, at all times relevant hereto, was a California corporation authorized to do business in Los Angeles County, California.

16.     Plaintiffs are informed and believe and thereon allege that Defendant, ETAI FISHBEIN, is and, at all times relevant hereto, is a California resident that was the sole manager and member of Defendant RAPID PASADENA.

17.     Plaintiffs are informed and believe and thereon allege that Defendant SAMEDAY is and, at all times relevant hereto, was a California Limited Liability Company authorized to do business in Los Angeles County, California.

18.     Plaintiffs are informed and believe and thereon allege that Defendant RLC is and, at all times relevant hereto, was a California Limited Liability Company authorized to do business in Los Angeles County, California.

19.     Plaintiffs are informed and believe and thereon allege that Defendant RAPID, LLC is and/ at all times relevant hereto, was, a California limited liability company authorized to do business in Los Angeles County, California.

20.     Plaintiffs are informed and believe and thereon allege that Defendant RAPID, CO is and/ at all times relevant hereto, was, a California business entity authorized to do business in Los Angeles County, California.

21.     The true names and capacities of defendants Does 1 through 20, inclusive, and each of them, are unknown to Plaintiffs, who sues said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein,

and thereby proximately caused the damage to Plaintiffs and the members of the Class. Plaintiffs will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

22.     Plaintiffs are informed and believe and thereon allege that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein.

23.     Defendants, including Does 1 through 20, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

24.     Defendants, including Does 1 through 20, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

25.     Defendants, including Does 1 through 20, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

26.     Defendants, including Does 1 through 20, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

**Plaintiffs:**

27.     Plaintiff Alexis Gomez is a citizen of California and resident of Downey, California, who was employed by Defendants in Los Angeles County, California as a delivery driver, within the last four years preceding the filing of this action.

28.     On or about January 2018, Plaintiffs was contracted through Defendant RAPID

PASADENA to provide services as a delivery driver to Defendant AMAZON.

29.     Defendant RAPID PASADENA provides courier and delivery services to Defendant AMAZON and other customers in California.

30.     As a delivery driver, Plaintiff's duties included but were not limited to driving, picking up packages, and dropping off packages.

31.     Plaintiff Mario Gonzalez or ("GONZALEZ") has been employed by Defendants as a driver and dispatcher since February 2017. SAMEDAY was identified as the employer on Plaintiff's pay stubs.

32.     Plaintiff Mario Gonzalez worked for Defendants delivering packages ordered from Amazon.com.  Plaintiff was required to wear a uniform issued by Amazon.com while delivering packages.  Plaintiff worked approximately 50-60 hours a week. In or around September 2017, SAMEDAY was no longer identified on GONZALEZ's paystub and RAPID PASADENA was named as Plaintiff GONZALEZ's employer on the paystubs.

33.     RAPID PASADENA paid GONZALEZ at an hourly rate. Beginning in or around May 2018, Plaintiff GONZALEZ was no longer paid an hourly rate. Instead, Plaintiff GONZALEZ received a flat salary of $1375 bi-weekly, no matter how many hours he worked. Plaintiff GONZALEZ continued to work 50 to 60 hours a week as an non-exempt employee for Defendants.

34.     Plaintiff VIVIAN Y. RAMOS VALDERRAMA ("Plaintiff VALDERRAMA"), at all times relevant to this action, resided in County of Los Angeles. At all times herein, Defendants were Plaintiff VALDERRAMA's employer within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001. On or and around March 25, 2018, Plaintiff VALDERRAMA was hired by Defendants as a delivery driver. Plaintiff VALDERRAMA was a full-time non-exempt employee.  Plaintiff VALDERRAMA worked for Defendants until April 28, 2019.

35.     Throughout the period of employment, Plaintiff VALDERRAMA worked on average, approximately four to five days per week, for a total of approximately 42 hours per week. From approximately March 25, 2018, to June 15, 2018, Plaintiff VALDERRAMA was paid at the

1    hourly rate of $13.25 for each day she worked.

2           36.     From approximately June 16, 2018, to November 15, 2018, Plaintiff
3    VALDERRAMA was paid at the hourly rate of $14.00 for each day that she worked. From
4    approximately November 16, 2018, to April 2, 2019, Plaintiff VALDERRAMA was paid at the
5    hourly rate of $14.25 for each day that she worked. Plaintiff VALDERRAMA's fixed schedule
6    was four to five days per week, Monday through Saturday, for approximately 8 or more hours per
7    day. In the four years last past, Plaintiff VALDERRAMA worked 2 hours of overtime each week.
8    For all hours of overtime, Plaintiff VALDERRAMA should have received a premium of 1.5 times
9    her hourly wage, and for all hours of double-time, Plaintiff VALDERRAMA should have received
10   a premium of 2.0 times her hourly wage. Plaintiff VALDERRAMA was not paid these premiums,
11   and therefore Plaintiff VALDERRAMA is owed unpaid overtime wages.

12          37.     Plaintiff RONELLE SILAS resides in and was employed by Defendants in Los
13   Angeles County, California as a dispatcher, within the last four years preceding the filing of the
14   Silas lawsuit.   Plaintiff SILAS was paid hourly, and was employed by Defendants from
15   approximately September 7, 2016 through July 10, 2018.  Defendant SAMEDAY was identified
16   on his wage statements and records also reflect employment by Defendant RLC.

17          38.     Plaintiff Dominique Gonzales resides in and was employed by Defendants in Los
18   Angeles County, California as a delivery driver, within the last four years preceding the filing of
19   the Gonzales lawsuit.  Plaintiff GONZALES was paid hourly, and was employed by Defendants
20   from approximately August 2018 to February 2019.  Defendant RLC's name appears on Plaintiff
21   GONZALES' wage/earning statements and defendant RAPID COURIER appears on Plaintiff
22   GONZALES' earnings summary (W-2); due to uncertainty about his employer, Plaintiff
23   GONZALES named RAPID CO, and unnamed business entity, as a defendant.

24          39.     Plaintiff Francisco Zuleta was employed by Defendants as a non-exempt, hourly
25   paid driver performing Amazon-related delivery services in California within four years prior to
26   his May 26, 2020 filing of his complaint until the end of May 2019 when Plaintiff's employment
27   with Defendants ended.

28                                 **FACTUAL ALLEGATIONS**

Printed on recycled paper                          - 11 -

40.     Plaintiffs and putative Class Members were joint employees of the RAPID DEFENDANTS Defendant AMAZON.

41.     Defendant AMAZON maintained significant control over Plaintiffs and the aggrieved employees' working conditions in the following ways: Each driver's workload was structured by Defendant AMAZON to ensure a minimum 10 to 11-hour workday. Plaintiffs and the aggrieved employees had no control over which packages and the number of packages they could accept or reject from Defendant AMAZON. Plaintiffs and the aggrieved employees were also required to report to Defendant AMAZON's facility at the beginning of each shift to pick up their daily manifest, mandatory communication devices and keys, and their delivery trucks. Plaintiffs and the aggrieved employees were also required to report to Defendant AMAZON's facility at the end of each shift to drop off any undelivered packages and their delivery trucks.

42.     Moreover, Defendant AMAZON had the power to train, discipline, supervise, and fire drivers.  Plaintiffs and the aggrieved employees dealt with Defendant AMAZON managerial and supervisory staff on a daily basis.  Plaintiffs and the aggrieved employees started and ended each route with a briefing and debriefing with Defendant AMAZON's management.

43.     In addition, Plaintiffs and the aggrieved employees used Defendant AMAZON's tools and instrumentalities, including Defendant AMAZON-assigned phones, Defendant AMAZON customer service, and Defendant AMAZON phone application, to perform their duties and made no investment in the equipment or materials used to perform their work for Defendant AMAZON.  Defendant AMAZON provided Plaintiffs and other aggrieved employees with a delivery truck with Defendant AMAZON's logo, a handheld device used to scan packages, a work uniform with the Defendant AMAZON's logo, and access to Defendant AMAZON's resources such as their customer service line.

44.     Also, the work performed by Plaintiffs and the aggrieved employees required no specialized skill.  Furthermore, the work performed by Plaintiffs and the aggrieved employees, delivering packages, is part of the regular business of the RAPID DEFENDANTS and Defendant AMAZON.

45.     At all relevant times, Plaintiffs and the aggrieved employees have been joint

1  employees of Defendants and, as such, have been entitled to the protections of the California Labor

2  Code and Wage Order.

3      46.      Plaintiffs is informed and believes, and thereon alleges, that the RAPID

4  DEFENDANTS and Defendant AMAZON violated or caused to be violated the various Labor

5  Code sections identified below.

6      47.      Defendants hired Plaintiffs as delivery drivers and/or dispatchers during the Class

7  Period.

8      48.      At all times that Plaintiffs and putative Class Members worked as non-exempt

9  hourly employees at the RAPID DEFENDANTS and Defendant AMAZON, Plaintiffs and

10 putative Class Members were not provided all legally required and legally compliant meal or rest

11 periods.  Defendants had a policy and/or practice or requiring Plaintiffs and putative Class

12 Members to skip their meal or rest periods at times when there were too many deliveries to be

13 performed, to perform work during those meal and rest periods, or to take their meal and rest

14 periods late in order to perform work.  Defendants further have a policy and/or practice of

15 understaffing delivery routes so as to prevent Plaintiffs and other Class Members from taking

16 compliant meal and rest periods. Additionally, Defendants have a policy and/or practice to never

17 leave the delivery vehicles unattended and thus Plaintiffs and putative Class Members were unable

18 to leave their vehicles for a meal or rest period.  Additionally, Defendants had a policy and/or

19 practice of not providing dispatchers with any time to take rest breaks or take lunches, and failing

20 to pay dispatchers time-and-a-half for overtime hours worked.

21     49.      Defendants also failed to pay Plaintiffs and putative Class Members with wages

22 at the applicable minimum wage rate or overtime rate for all "hours worked" under California law.

23 Plaintiffs and other non-exempt employees working as drivers performing Amazon-related

24 delivery services would work on work days in shifts in excess of 8 hours in a day, at times in

25 excess of 14 hours in a day, and in excess of 40 hours in a week, or on a seventh consecutive day

26 in a workweek. Defendants had a policy and procedure of automatically deducting meal periods

27 from each driver's daily hours worked regardless of whether the driver received a meal period or

28 received a shorter meal period than 30 minutes. This resulted in Plaintiffs and other non-exempt

employees working as drivers performing Amazon-related delivery services having time deducted from their daily hours even though they were working and did not receive a meal period and/or received less than a thirty minute meal period. This resulted in Defendants failing to pay wages for this work time at least at a minimum wage rate or overtime, to the extent the time qualified as overtime, for the improperly deducted time which Plaintiffs and the drivers performing Amazon-related delivery services were working and not on a meal break. Additionally, Defendants had a policy and/or practice of not providing dispatchers with any time to take rest breaks or take lunches, and failing to pay dispatchers time-and-a-half for overtime hours worked.

50. Defendants also required that Plaintiffs and other similarly situated employees working as drivers in California performing Amazon-related delivery services show up to work and pick up mandatory communication devices and keys to vehicles used for making deliveries at the beginning of their shift which included time waiting in line in order to pick up the devices and keys prior to their shift. This mandatory procedure of picking up communication devices and keys was before Plaintiffs and other similarly situated employees had clocked in for the day. Accordingly, Defendants did not pay Plaintiffs and other similarly situated employees for this time even though it was required by Defendants and for the benefit of Defendants. Defendants applied this policy and procedure to Plaintiffs and other similarly situated employees working as drivers performing Amazon-related delivery services in California and resulted in non-exempt employees working time which was not compensated minimum wage or overtime, to the extent the unpaid the time qualified as overtime. : As a result of Defendants' failure to record time spent picking up communication devices and keys and failure to accurately record meal periods by Plaintiff and aggrieved Amazon drivers, Defendants failed to keep accurate records of Plaintiff and other aggrieved drivers' hours worked daily, time records showing when employees began and ended each work period, meal periods, and total daily hours worked in violation of Labor Code sections 1174 and 1198 and the applicable Wage Order. Additionally, Defendants had a policy and/or practice of not providing dispatchers with any time to take rest breaks or take lunches, and failing to pay dispatchers time-and-a-half for overtime hours worked.

51. Additionally, Plaintiffs and putative Class Members were required to work

double overtime without separate double overtime compensation. Specifically, Plaintiffs and putative Class Members were required to perform work past twelve hours in a workday and were not compensated at the correct double overtime rate of compensation. Additionally, Plaintiffs and putative Class Members were required to sign in for their shift via a paper sheet at the delivery office and at times this paper sheet was not available to sign in. This caused Plaintiffs and putative Class Members to sign in after they had started work or an incorrect start or end time to be recorded for their reported time. Thus, Plaintiffs and putative Class Members were not paid all wages earned at the end of each pay period and were not provided accurate wage statements. Plaintiffs and putative Class Members were also not paid all wages earned timely upon termination of their employment, including but not limited to their unpaid overtime wages and payment for non-compliant meal and rest periods.

52.    As part of their duties, Plaintiffs and similarly situated employees were required to use their cell phones to receive and make calls and/or were required to have their cell phones ready and on in order to receive or make calls if necessary. However, Defendants did not provide reimbursement to Plaintiffs and similarly situated employees for use of their cell phones.

53.    Plaintiff Mario Gonzalez also brings certain of the claims, identified on behalf of himself and a portion of the Class Members described as the Misclassified Subclass as follows: Plaintiff Mario Gonzalez and the putative Class Members who were or are currently misclassified as exempt employees despite only performing non-exempt work.. The Misclassified Subclass members were improperly paid a flat rate salary despite the number of hours worked in any given week, were not paid at least the minimum wage for all hours worked and were not paid overtime hours for any hours worked beyond 40 hours in a work week or over 8 hours in a day.

54.    The Class Members are similarly situated individuals who are presently employed or were formerly employed by both Defendant Amazon and Rapid Defendants, or by the Rapid Defendants as non-exempt hourly employees in California who were not; (1) provided legally compliant meal periods; (2) provided legally compliant rest periods; (3) paid all wages owed each pay period; (4) paid overtime for all overtime hours worked; (5) paid minimum wage for all hours worked; (6) provided accurate wage statements; (7) paid all earned wages timely

upon termination of their employment; or (8) reimbursed for all necessary expenditures incurred in discharge of their duties or at instruction of Defendants.

55.     The Driver Subclass Members are similarly situated individuals who are presently employed or were formerly employed by both Defendant Amazon and Rapid Defendants, or by the Rapid Defendants, as non-exempt hourly employees at the in California who were not; (1) provided legally compliant meal periods; (2) provided legally compliant rest periods; (3) paid all wages owed each pay period;  (4) paid overtime for all overtime hours worked; (5) paid minimum wage for all hours worked; (6) provided accurate wage statements;  (7) paid all earned wages timely upon termination of their employment; or (8) reimbursed for all necessary expenditures incurred in discharge of their duties or at instruction of Defendants.

56.     The Dispatcher Subclass Members are similarly situated individuals who are presently employed or were formerly employed by both Defendant Amazon and Rapid Defendants, or by the Rapid Defendants, as non-exempt hourly employees at the in California who were not; (1) provided legally compliant meal periods; (2) provided legally compliant rest periods; (3) paid all wages owed each pay period;  (4) paid overtime for all overtime hours worked; (5) paid minimum wage for all hours worked; (6) provided accurate wage statements;  (7) paid all earned wages timely upon termination of their employment; or (8) reimbursed for all necessary expenditures incurred in discharge of their duties or at instruction of Defendants.

57.     The Misclassified Subclass Members are similarly situated individuals who are presently employed or were formerly employed by both Defendant Amazon and Rapid Defendants, or by the Rapid Defendants, as non-exempt hourly employees in California who (1) were subjected to policies and practices regarding the misclassification of non-exempt employees as exempt employees, (2) not paid minimum wages for all hours worked, and (3) were not paid overtime for all overtime hours worked.

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382.  Plaintiffs seek to represent a Class composed of and defined as follows:

> Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California at any time during the four years preceding the filing of this action.

59.     Plaintiffs seek to also represent a Sub Class composed of an defined as follows:

> Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California as a "driver" at any time during the four years preceding the filing of this action.

60.     Plaintiffs seek to also represent a Sub Class composed of an defined as follows:

> Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California as a "dispatcher" at any time during the four years preceding the filing of this action.

61.     Plaintiff Mario Gonzalez seeks to represent a Sub Class, led by Plaintiff Mario Gonzalez, composed of and defined as follows:

> Current and former non-exempt employees that were or are currently misclassified as exempt employees that worked for both Defendant Amazon and Rapid Defendants in California at any time during the four years preceding the filing of this action.

62.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

63.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

64.     **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

65.     **Numerosity and Ascertainability** (C.C.P. §382): The potential number of Class Members and Driver Subclass, Dispatcher Subclass and Misclassified Subclass Members as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members and Driver Subclass, Dispatcher Subclass and Misclassified Subclass Members are unknown to at this time, however, it is estimated that the Class and Driver

Subclass, Dispatcher Subclass and Misclassified Subclass Members will number greater than 50. The identity of such membership can readily be ascertained from Defendants' employment records.

66.    **Superiority** (C.C.P. §382): The nature of this action and the nature of laws available to Plaintiffs make use of the class action format particularly efficient and appropriate. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class Members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class Members were to litigate separately.

67.    **Well-defined Community of Interest:** Plaintiffs also meet the established standards for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

68.    **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the Class and subclass they seek to represent because all members of the Class and subclass sustained injuries and damages arising out of Defendants' policy, practice and common course of conduct in violation of law and the injuries and damages of all members of the Class and subclass were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

69.    **Adequacy:** Plaintiffs:

a.    are adequate representatives of the Class they seek to represent;

b.    will fairly protect the interests of the members of the Class;

1      c.      has no interests antagonistic to the members of the Class; and

2      d.      will vigorously pursue this suit via attorneys who are competent, skilled and

3 experienced in litigating matters of this type.

4      70.      **Predominant Common Questions of Law or Fact:** There are common

5 questions of law and/or fact as to the members of the Class which predominate over questions

6 affecting only individual members of the Class and Driver Subclass, Dispatcher Subclass and

7 Misclassified Subclass Members, including, without limitation:

8      a.      Whether Defendants violated Labor Code Section 512 by not providing Class

9 Driver Subclass, Dispatcher Subclass and Misclassified Subclass Members with all legally

10 required and legally compliant meal periods;

11      b.      Whether Defendants violated Labor Code Section 226.7 by not paying Class,

12 Driver Subclass, Dispatcher Subclass and and Misclassified Subclass Members additional pay for

13 not providing all legally required and legally compliant meal periods;

14      c.      Whether Defendants violated Labor Code Section 512 by not authorizing and

15 permitting Class, Driver Subclass, Dispatcher Subclass and and Misclassified Subclass members

16 to take all legally required and legally compliant rest periods;

17      d.      Whether Defendants violated Labor Code Section 226.7 by not paying Class,

18 Driver Subclass, Dispatcher Subclass and and Misclassified Subclass Members additional pay for

19 not providing all legally required and legally compliant rest periods;

20      e.      Whether Defendants violated Labor Code Sections 1194 and 1197 by not paying

21 minimum wage to the Class, Driver Subclass, Dispatcher Subclass and Misclassified Subclass

22 members for all hours worked;

23      f.      Whether Defendants violated Labor Code Sections 1194 and 510 by not paying

24 overtime wages nor double overtime wages to Class Members or  Driver Subclass, Dispatcher,

25 Subclass and/or Misclassified Subclass members for all hours worked in excess of 40 hours in a

26 week or 8 hours in a day;

27      g.      Whether Defendants violated Labor Code Section 2802 by not reimbursing Class

28 Members, Driver Subclass, Dispatcher Subclass and Misclassified Subclassmembers for all

necessary expenditures incurred in the direct discharge of their duties or at the instruction of their employer;

h.      Whether Defendants violated the Labor Code by misclassifying non-exempt workers Misclassified Subclass Members as exempt employees.

i.      Whether Defendants violated the Labor Code by failing to pay the Misclassified Subclass Members the minimum wages for all hours worked.

j.      Whether Defendants violated Labor Code Section 204 by not paying Class Members, Driver Subclass, Dispatcher Subclass Misclassified Subclass Members for all wages earned during each pay period;

k.      Whether Defendants violated Labor Code Section 226(a) by not providing Class, Driver Subclass, Dispatcher Subclass Misclassified Subclass Members with accurate wage statements;

l.      Whether Defendants violated Labor Code Section 1174 and 1198 by not maintaining proper records showing the hours worked and wages paid;

m.      Whether Defendants violated Labor Code Section 201 or 202 by not paying Class, Driver Subclass, Dispatcher Subclass Misclassified Subclass Members wages due upon termination in a timely manner;

n.      Whether Defendants failed to pay all wages due and owing at the time of termination or discharge to Class, Driver Subclass, Dispatcher Subclass Misclassified Subclass members;

o.      Whether Class, Driver Subclass, Dispatcher Subclass Misclassified Subclass Members who are no longer employed by Defendants are entitled to waiting time penalties under Labor Code Section 203;

p.      Whether Defendants' conduct constituted unfair competition or unlawful business practice under Business and Professions Code Section 17200, *et seq.;*

q.      Whether Defendants are liable to Class, Driver Subclass, Dispatcher Subclass Misclassified Subclass members for civil penalties under Labor Code Section 2699;

r.     Whether injunctive relief is appropriate to ensure Defendants' compliance with the Labor Code with respect to members of the Class, Driver Subclass, Dispatcher Subclass and Misclassified Subclass currently employed by Defendants;

s.     Whether Class, Driver Subclass, Dispatcher Subclass and Misclassified and Subclass Members are entitled to attorney's fees and costs;

t.     Whether Class, Driver Subclass, Dispatcher Subclass and MisclassifiedSubclass Members are entitled to prejudgment interest;

u.     Whether Class, Driver Subclass, Dispatcher Subclass and Misclassified Subclass Members are entitled to restitution;

v.     Whether each Class Driver Subclass, Dispatcher Subclass and Misclassified Subclass Member might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *Collins v. Rocha* (1972) 7 Cal.2d 232.

### FIRST CAUSE OF ACTION

### For Failure to Provide Meal Periods

### (Against All Defendants)

71.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out above in the preceding paragraphs.

72.     At all relevant times, Plaintiffs and the other Class Members were employees covered by Labor Code Sections 226.7 and 512, and Wage Order 9-2001.

73.     Labor Code §§ 226.7 and 512 and Wage Order 9-2001 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, and no more than 10 hours without a second meal period of not less than 30 minutes.

74.     Labor Code § 226.7 and Wage Order 9-2001 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

75.     Defendants failed to provide Plaintiffs and other Class Members meal periods in

accordance with Labor Code Section 226.7 and Wage Order 9-2001. Specifically, Defendants had a policy and/or practice of requiring Plaintiffs and other Class Members to either take their meal period after the end of their fifth hour of work, interrupt or cut their meal period short of thirty minutes, or skip their meal period entirely, in order to perform work on their delivery routes. Defendants failed to adequately staff the delivery routes so as to allow Plaintiffs and other Class Members to take compliant meal periods.

76.     Defendants failed to provide Plaintiffs and other Class Members the additional hour of pay required by Labor Code Section 226.7 and Wage Order 9-2001.

77.     As a result of Defendants' unlawful conduct, Plaintiffs and other Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid additional pay owed for missed meal periods.

78.     Pursuant to Labor Code Section 218.5, Plaintiffs and other Class Members are entitled to recover reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 and Civil Code Section 3287(a), Plaintiffs and other members of the Class are entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

**SECOND CAUSE OF ACTION**

**For Failure to Provide Rest Periods**

**(Against All Defendants)**

79.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out above in the preceding paragraphs.

80.     At all relevant times, Plaintiffs and the other Class Members were employees covered by Labor Code Sections 226.7 and Wage Order 9-2001.

81.     Labor Code § 226.7 and Wage Order 9-2001 provide that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

82.     Labor Code § 226.7 and Wage Order 9-2001 further provide that if an employer fails to provide and employee rest periods in accordance with this law, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday

1   that the rest period is not authorized and permitted.

2       83.     Defendants failed to provide Plaintiffs and other Class Members rest periods in

3   accordance with Labor Code Section 226.7 and Wage Order 90-2001.  Specifically, Defendants

4   had a policy and/or practice of requiring Plaintiffs and other Class Members to either take their

5   rest period late, interrupt or cut their rest period short of ten minutes, or skip their rest period

6   entirely, in order to perform work in on their delivery routes.  Defendants failed to adequately staff

7   the delivery routes so as to allow Plaintiffs and other Class Members to take compliant rest

8   periods.

9       84.     Defendants failed to provide Plaintiffs and other Class Members the additional

10  hour of pay required by Labor Code Section 226.7 and Wage Order 9-2001.

11      85.     As a result of Defendants' unlawful conduct, Plaintiffs and other Class Members

12  have suffered damages in an amount, subject to proof, to the extent that they were not paid

13  additional pay owed for missed rest periods.

14      86.     Pursuant to Labor Code Section 218.5, Plaintiffs and other Class Members are

15  entitled to recover reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section

16  218.6 and Civil Code Section 3287(a), Plaintiffs and other Class Members are entitled to recover

17  prejudgment interest on the additional pay owed for missed rest periods.

18  **THIRD CAUSE OF ACTION**

19  **For Failure to Pay All Wages Earned**

20  **(Against All Defendants)**

21      87.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the

22  material allegations set out above in the preceding paragraphs.

23      88.     At all relevant times, Plaintiffs and other Class Members were employees

24  covered by Labor Code Section 204.

25      89.     Pursuant to Labor Code Section 204, Plaintiffs and the other Class Members were

26  entitled to receive on regular paydays all wages earned for the pay period corresponding to the

27  payday. Labor Code Section 204 require Defendants to pay Plaintiff and Class Members' wages

28  earned between 1st and 15th day of the month to Plaintiff and Class Members between the 16th

and 26th day of month and Plaintiff and Class Members' wages earned between 16th and last day of the month between the 1st and 10th day of following month.

90.     Defendants failed to pay Plaintiffs and other Class Members for all wages earned each pay period on the regular payday for the pay period. Defendants failed to pay Plaintiff and Class Members' wages earned between 1st and 15th day of the month to Plaintiff and Class Members between the 16th and 26th day of month and Plaintiff and Class Members' wages earned between 16th and last day of the month between the 1st and 10th day of following month.  The earned and unpaid wages include, but are not limited to, additional pay for missed meal and rest periods, wages for hours worked off the clock at the applicable rate, overtime wages, double overtime wages, and for wages earned for work beyond 8 hours in a day or 40 hours a week.

91.     As a result of Defendants' unlawful conduct, Plaintiffs and other Class Members have suffered damages in an amount according to proof at trial.

92.     Pursuant to Labor Code Sections 218, 218.5, 218.6, 1194, 1194.2 Plaintiffs and other Class Members are entitled to recover the full amount of their unpaid wages, liquidated damages pursuant to 1194.2, prejudgment interest, reasonable attorney's fees and costs of suit.

/ / /

## FOURTH CAUSE OF ACTION
### For Failure To Pay Minimum Wage
### Labor Code §§1182.12, 1194, 1194.2, 1197,
### IWC Wage Order No. 9, Local County Municipal Minimum Wage Orders
### (Against all Defendants)

93.     Plaintiffs, and the Misclassified Subclass, re-alleges and incorporates by reference the above paragraphs as though set forth in full herein.

94.     At all relevant times, Labor Code §1182.12, 1197, Wage Order 9-2001, and the local county municipal Minimum Wage Order were in full force and effect and required that Defendants to pay employees at least the minimum wage for all hours worked.  Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer

violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.

95.     The historical minimum wage requirements in California are as follows:

| Effective | 26+ employees | 1-25 employees |
|-----------|---------------|----------------|
| **1/1/19** | $12.00 | $11.00 |
| **1/1/18** | $11.00 | $10.50 |
| **1/1/17** | $10.50 | $10.00 |

| Effective | New wage | Old Wage |
|-----------|----------|----------|
| **1/1/16** | $10.00 | $9.00 |
| **7/1/14** | $9.00 | $8.00 |

96.     At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

97.     Plaintiff Gonzalez and other similarly situated and aggrieved employees performed services within various municipalities and unincorporated areas within the State of California, which have enacted their own various minimum living wage ordinances. At all relevant times, Defendants failed and refused to pay Plaintiff GONZALEZ and other similarly situated and aggrieved employees the legal minimum wage in the State of California and the minimum living wage ordinances of various municipalities and unincorporated areas within the State of California.

98.     At all relevant times, Defendants employed 26 or more employees.

99.     Under California law, Plaintiff GONZALEZ, and the Misclassified Subclass, are entitled to at least the minimum wage for every hour worked.

100.     Defendants also failed to pay Plaintiffs and putative Class Members with wages at the applicable minimum wage rate for all "hours worked" under California law. Defendants had a policy and procedure of automatically deducting meal periods from each driver's daily hours worked regardless of whether the driver received a meal period or received a shorter meal period than 30 minutes. This resulted in Plaintiff and other non-exempt employees working as drivers performing Amazon-related delivery services having time deducted from their daily hours even

though they were working and did not receive a meal period and/or received less than a thirty minute meal period. This resulted in Defendants failing to pay wages for this work time at least at a minimum wage rate for the improperly deducted time which Plaintiff and the drivers performing Amazon-related delivery services were working and not on a meal break.

101.    Defendants also required that Plaintiffs and other similarly situated employees working as drivers in California performing Amazon-related delivery services show up to work and pick up mandatory communication devices and keys to vehicles used for making deliveries at the beginning of their shift which included time waiting in line in order to pick up the devices and keys prior to their shift. This mandatory procedure of picking up communication devices and keys was before Plaintiffs and other similarly situated employees had clocked in for the day. Accordingly, Defendants did not pay Plaintiffs and other similarly situated employees for this time even though it was required by Defendants and for the benefit of Defendants. Defendants applied this policy and procedure to Plaintiffs and other similarly situated employees working as drivers performing Amazon-related delivery services in California and resulted in non-exempt employees working time which was not compensated minimum wage.

102.    Defendant's failure to pay the legal minimum wage to Plaintiff GONZALEZ, and other similarly situated and aggrieved employees, as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff, and other similarly situated and aggrieved employees, in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

103.    Plaintiff GONZALEZ and other similarly situated and aggrieved employees have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2.

104.    By violating Labor Code §§ 1182.11, 1182.12, and 1197, IWC Wage Order No. 9, and the local county municipal Minimum Wage Order, Defendant is also liable for reasonable attorneys' fees and costs under Labor Code § 1194.

105.    Plaintiff GONZALEZ, on behalf of himself, and other similarly situated and aggrieved employees, request relief as described below.

**FIFTH CAUSE OF ACTION**

**For Failure to Pay Overtime Wages**

**(Against All Defendants)**

106.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out above in the preceding paragraphs.

107.    At all relevant times, Plaintiffs and the other Class Members were employees covered by Labor Code Section 510 and Wage Order 9-2001.

108.    Pursuant to Labor Code Section 510 and Wage Order 9-2001, Plaintiffs and the other Class Members were entitled to double overtime wages payable at the rate of at least two times their regular rate of pay for all work in excess of twelve hours in one workday.

109.    Defendant failed to pay Plaintiffs and the other Class Members for all double overtime worked in accordance with Labor Code Section 510 and Wage Order 9-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable class period, Defendants maintained and continue to maintain a policy or practice of requiring Plaintiffs and other Class Members to perform various duties off the clock, typically at the end of their shift, so that the employees' time sheets would not reflect work in excess of twelve hours in a day, without compensating them for all their hours actually worked.

110.    In addition, Plaintiff and other non-exempt employees working as drivers performing Amazon-related delivery services would work on work days in shifts in excess of 8 hours in a day, at times in excess of 14 hours in a day, and in excess of 40 hours in a week, or on a seventh consecutive day in a workweek. Defendants had a policy and procedure of automatically deducting meal periods from each driver's daily hours worked regardless of whether the driver received a meal period or received a shorter meal period than 30 minutes. This resulted in Plaintiff and other non-exempt employees working as drivers performing Amazon-related delivery services having time deducted from their daily hours even though they were working and did not receive

1    a meal period and/or received less than a thirty minute meal period. This resulted in Defendants

2    failing to pay wages for this work time at an overtime rate, when the unpaid time occurred after

3    the employee had already worked 8 hours in a workday or 40 hours in the workweek, or a double

4    time rate, when the unpaid time occurred after the employee had already worked over 12 hours in

5    the workday, for the improperly deducted time which Plaintiff and the drivers performing

6    Amazon-related delivery services were working and not on a meal break.

7        111.    Defendants also required that Plaintiffs and other similarly situated employees

8    working as drivers in California performing Amazon-related delivery services show up to work

9    and pick up mandatory communication devices and keys to vehicles used for making deliveries at

10   the beginning of their shift which included time waiting in line in order to pick up the devices and

11   keys prior to their shift. This mandatory procedure of picking up communication devices and keys

12   was before Plaintiffs and other similarly situated employees had clocked in for the day.

13   Accordingly, Defendants did not pay Plaintiffs and other similarly situated employees for this time

14   even though it was required by Defendants and for the benefit of Defendants. Defendants applied

15   this policy and procedure to Plaintiffs and other similarly situated employees working as drivers

16   performing Amazon-related delivery services in California and resulted in non-exempt employees

17   working time which was not compensated at an overtime rate, when the unpaid time occurred after

18   the employee had already worked 8 hours in a workday or 40 hours in the workweek, or a double

19   time rate when the employee had already worked over 12 hours in the workday, for the improperly

20   deducted time which Plaintiff and the drivers performing Amazon-related delivery services were

21   working and not on a meal break

22       112.    As a result of Defendants' unlawful conduct, Plaintiffs and other Class Members

23   have suffered damages in an amount, subject to proof, to the extent they were not paid for all

24   overtime or double overtime wages earned.

25       113.    Pursuant to Labor Code Section 1194, Plaintiffs and other Class Members are

26   entitled to recover the full amount of their unpaid overtime wages, prejudgment interest,

27   reasonable attorney's fees and costs of suit.

28                                    **SIXTH CAUSE OF ACTION**

**For Failure to Furnish Accurate Wage Statements**

**(Against All Defendants)**

114.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out above in the preceding paragraphs.

115.    At all relevant times, Plaintiffs and the other Class Members were employees of Defendants covered by Labor Code Section 226.

116.    California Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

117.    Further, the relevant wage orders of the Industrial Welfare Commission applicable to Plaintiffs and the other Class Members' employment with Defendants state in pertinent part:

> (A) Every employer shall keep accurate information with respect to each employee including the following:
> …
> (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.
> (4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
> (5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon

reasonable request.

118.    At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiffs and the other Class Members, the beginning and ending time of each work period, meal periods, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay. Because Defendants failed to pay all minimum wage and overtime due for all hours worked, failed to provide meal and rest period premiums, and failed to record all time worked and meal periods taken; wage statements provided to Plaintiff and other similarly situated employees working as drivers with Amazon related delivery duties often failed to accurately state total hours worked, gross wages earned, net wages earned, and applicable hourly rates and corresponding number of hours worked.

119.    Defendants' failure to furnish accurate and timely wages statements to Plaintiffs and the other Class Members was knowing and intentional. Defendants knowingly and intentionally put in place practices which deprived employees of Defendants including Defendants' failure to pay all minimum wage and overtime due for all hours worked, failure to provide meal and rest period premiums, and failure to record all time worked and meal periods taken which resulted in Defendants' knowing and intentional failure to provide accurate wage statements

120.    As a result of Defendants' conduct, Plaintiffs and other Class Members are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e). Pursuant to Labor Code Section 226(h), Plaintiff and other Class Members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code Section 226(a).

### SEVENTH CAUSE OF ACTION

### For Failure to Pay Earned Wages Upon Termination or Discharge.

**(Against All Defendants)**

121.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out above in the preceding paragraphs.

122.     At all relevant times, Plaintiffs and the other Class Members who were discharged or terminated from employment are covered by Labor Code Section 201 or 202.

123.     Pursuant to Labor Code section 201 and 202, Plaintiffs and other Class Members were entitled to receive upon termination all wages earned and unpaid at the time of termination. If an employee is discharged, all wages earned and unpaid are due and payable immediately upon discharge.  If an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

124.     Defendants failed to pay Plaintiffs and other terminated Class Members all wages earned and unpaid at the time of termination timely in accordance with Labor Code sections 201 or 202.  Their earned and unpaid wages at the time of termination include, but are not limited to, wages for hours worked off the clock, wages for all overtime hours worked, and additional pay for workdays Defendants failed to provide all legally compliant and legally required meal and rest periods.

125.     Defendants' failure to pay Plaintiffs and other terminated Class Members or Class Members who resigned all wages earned prior to termination in accordance with Labor Code sections 201 or 202 was willful.  Defendants had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code sections 201 or 202, but intentionally followed a practice or adopted a policy that violated Labor Code sections 201 or 202.

126.     Pursuant to Labor Code section 201 or 202, Plaintiffs and other terminated Class Members are entitled to all wages earned prior to termination that Defendants failed to pay them.

127.     California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201 and 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until

1  paid or until an action therefore is commenced; but the wages shall not continue for more than 30

2  days.

3       128.    Therefore, Plaintiffs and other terminated Class Members are entitled to recover

4  from Defendants the statutory penalty for each day he was not paid at their regular rate of pay up

5  to 30 days' maximum pursuant to California Labor Code section 203.

6       129.    Pursuant to Labor Code sections 218 and 218.5, Plaintiffs and other terminated

7  Class Members are entitled to recover their unpaid wages, waiting time penalties under Labor

8  Code section 203, reasonable attorney's fees and costs of suit. Pursuant to Labor Code section

9  218.6 or Civil Code section 3287(a), Plaintiffs and other Class Members who are no longer

10  employees of Defendants are entitled to recover prejudgment interest.

11  **EIGHTH CAUSE OF ACTION**

12  **For Unfair Competition [Business & Professions Code § 17200]**

13  **(Against All Defendants)**

14       130.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

15  material allegations set out above in the preceding paragraphs.

16       131.    Defendants are "persons" as that term is defined under Business & Professions

17  Code section 17021.

18       132.    Business & Professions Code section 17200 defines unfair competition as any

19  unlawful, unfair, or fraudulent business act or practice.

20       133.    At all times relevant hereto, by and through the conduct described herein,

21  Defendants have engaged in unfair and unlawful practices by, among others:

22          a.    failing to provide meal and rest periods and failing to pay additional

23  wages for the missed meals and rest periods

24          b.    failing to pay all earned wages on regular paydays and within the required

25  time frames;

26          c.    failing to pay minimum wage or overtime for all hours worked;

27          d.    failing to pay overtime wages for all hours worked overtime;

28          e.    failing to indemnify employees for all necessary expenditures incurred in

1  the discharge of their duties or at instruction of Defendants;

2         f.       failing to failure to keep accurate records of Plaintiff and other Class

3  Members' daily hours worked, time records showing when employees began and ended each work

4  period, and meal periods.

5         g.      failing to maintain and furnish accurate wage statements; and

6         h.      failing to pay all earned wages upon termination.

7      134.    Plaintiffs and other members of the Class are entitled to, and do seek, such relief

8  as may be necessary to restore to them all wages and other monies owed and belonging to them,

9  including interest thereon, that Defendants wrongfully withheld from them and retained for

10  themselves.  Pursuant to Business & Professions Code section 17203, Plaintiffs and other

11  members of the Class are entitled to restitution of the wages and other monies withheld, deducted

12  and/or retained by Defendants during a period that commences four years prior to the filing of this

13  action.

14      135.    Pursuant to Business and Professions Code section 17203, Plaintiffs and other

15  members of the Class are entitled to an injunction to prevent the continuation of Defendants'

16  unlawful and unfair business practices that constitute unfair competition.

17      136.    Plaintiffs and other members of the Class are entitled to recover reasonable

18  attorney's fees in connection with their unfair competition claims pursuant to Code of Civil

19  Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

20  **NINTH CAUSE OF ACTION**

21  **Penalties Pursuant to the Private Attorneys General Act [Labor Code §2698, et seq.]**

22  **(Against All Defendants)**

23      137.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

24  material allegations set out above in the preceding paragraphs.

25      138.    As a result of the acts alleged above, Plaintiffs seek penalties under California

26  Labor Code sections 2698, 2699 and 2699.3 et seq. because of Defendants' violation of California

27  Labor Code sections 201-204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198 and 2802.

28      139.    For each such violation, Plaintiffs, on behalf of themselves and other Class

Members, seek penalties in an amount according to proof at the time of trial based on the following formula:

a.     For violations of Labor Code sections 201, 202, 203, 226.7, and 512; one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

b.     For violation of Labor Code section 204; one hundred ($100) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, two hundred ($200) for each underpaid employee for each pay period plus 25 percent of any amount unlawfully withheld [penalty amounts established by Labor Code section 210].

c.     For violations of Labor Code section 226, two hundred fifty dollars ($250) for each aggrieved employee for each pay period for the in any initial citation, and for each subsequent violation in a subsequent citation, one thousand dollars ($1000) for each underpaid employee for each pay period in a subsequent citation [penalty amounts established by Labor Code section 226.3].

d.     For violations of Labor Code section 510, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 558].

e.     For violations of Labor Code section 1194, 1197, and 2802, one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 1197.1].

140.     Plaintiffs additionally seek reasonable attorney's fees and costs pursuant to California Labor Code section 2699(g)(1).

141.     Plaintiffs have complied with all requirements set forth in Labor Code section 2699.3 et seq. to bring and amend this civil action. On or about July 29, 2019, Plaintiff Alexis Gomez gave written notice by certified mail of the specific violations of the Labor Code to the

1  Labor and Workforce Development Agency and Defendants. On or about May 22, 2020, Plaintiff

2  Zuleta filed notice on May 22, 2020, with the Labor and Workforce Development Agency giving

3  the LWDA written notice of the specific provisions of the Labor Code alleged to have been

4  violated, Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and

5  2802, including the facts and theories to support the alleged violations. Plaintiff also sent the notice

6  to Defendants by certified mail.

7      142.    On August 23, 2019, Plaintiff Mario Gonzalez provided written notice by online

8  filing to the Labor and Workforce Development Agency and to the Defendants of the specific

9  provisions of the California Labor Code that Defendants violated, thereby satisfying the

10  requirements of Labor Code section 2699.3(a).

11      143.    On August 23, 2019, Plaintiff Vivian Y. Ramos Yalderrama provided written

12  notice by online filing to the Labor and Workforce Development Agency and to the Defendants

13  of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying

14  the requirements of Labor Code section 2699.3(a).

15      144.    On December 30, 2019, Plaintiff Gonzales provided written notice by online

16  filing to the Labor and Workforce Development Agency and to the Defendants of the specific

17  provisions of the California Labor Code that Defendants violated, thereby satisfying the

18  requirements of Labor Code section 2699.3(a).

19      145.    The Agency has not provided any written notice of its intention to investigate the

20  claimed violations within 65 calendar days of the postmark date of the notice.

21      146.    This claim under Labor Code section 2699 and 2699.3 et seq. does not require

22  class certification as it is brought pursuant to the Private Attorneys General Act.

23                              **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiffs on behalf of herself and all other persons similarly situated,

25  prays for relief and judgment against Defendants as follows:

26  a)    CLASS CERTIFICATION ON THE FIRST THROUGH NINTH CAUSES OF ACTION

27          i)    An order that the action be certified as a class action;

28          ii)   An order that Plaintiffs be certified as the representative of the Class;

iii)     An order that Plaintiff Gonzalez be certified as the representative of the Misclassified Subclass;

iv)     An order that counsel for Plaintiffs be confirmed as Class Counsel;

b)   ON THE FIRST CAUSE OF ACTION

i)     Damages for unpaid additional pay owed for Defendants' failure to provide all legally required and legally compliant meal periods in an amount according to proof;

ii)    Prejudgment interest;

iii)   Costs of suit;

c)   ON THE SECOND CAUSE OF ACTION

i)     Damages for unpaid additional pay owed for Defendants' failure to provide all legally required and legally compliant rest periods in an amount according to proof;

ii)    Prejudgment interest;

iii)   Costs of suit;

d)   ON THE THIRD CAUSE OF ACTION

i)     Damages for unpaid wages earned but not paid each pay period in an amount according to proof;

ii)    Prejudgment interest;

iii)   Costs of suit;

e)   ON THE FOURTH CAUSE OF ACTION

i)     Damages for unpaid minimum wages according to proof;

ii)    Liquidated damages;

iii)   Prejudgment interest;

iv)    Attorneys' fees and costs of suit;

f)   ON THE FIFTH CAUSE OF ACTION

i)     Damages for unpaid overtime wages according to proof;

ii)    Prejudgment interest;

iii)   Attorneys' fees and costs of suit;

g)   ON THE SIXTH CAUSE OF ACTION

1    i)  Damages or penalties for not providing accurate wage statements in an amount

2 according to proof;

3    ii)  Attorneys' fees and costs of suit;

4    iii)  An order requiring Defendants to comply with Labor Code Section 226(a);

5 h)  ON THE SEVENTH CAUSE OF ACTION

6    i)  Damages for unpaid wages earned prior to termination of employment in an amount

7 according to proof;

8    ii)  Waiting time penalties for failure to pay all earned wages timely upon termination

9 of employment in an amount according to proof;

10    iii)  Prejudgment interest;

11    iv)  Reasonable attorney's fees;

12    v)  Costs of suit;

13    vi)  Such other relief as the Court deems just and proper.

14 i)  ON THE EIGHTH CAUSE OF ACTION

15    i)  Damages for indemnification according to proof;

16    ii)  Prejudgment interest;

17    iii)  Reasonable attorney's fees;

18    iv)  Costs of suit;

19    v)  Such other relief as the Court deems just and proper.

20 j)  ON THE NINTH CAUSE OF ACTION

21    i)  Restitution of all unpaid wages and other monies owed and belonging to Class

22 Members that Defendants unlawfully withheld from them and retained for themselves in an

23 amount according to proof;

24    ii)  Prejudgment interest:

25    iii)  An order enjoining Defendants from engaging in the unfair and unlawful business

26 practices described herein;

27 k)  ON THE TENTH CAUSE OF ACTION

28    i)  Penalties pursuant to California Labor Code sections 2698, 2699, 210, 226.3, 558,

Printed on recycled paper     - 37 -

1    and 1197.1.

2    l)    ON ALL CAUSES OF ACTION

3         i)     Judgment in favor of Plaintiffs and the Class and against Defendants;

4         ii)    Reasonable attorney's fees;

5         iii)   Costs of suit; and

6         iv)    Such other relief as the Court deems just and proper.

7

8    Dated:    December 11, 2020          **MAKAREM & ASSOCIATES, APLC**

9                                         By:    /s/Ronald W. Makarem_____
                                                 Ronald W. Makarem
10                                               Attorneys for Plaintiffs Alexis
                                                 Gomez, individually and on
11                                               behalf of all others similarly
                                                 situated
12

13   Dated:    December 11, 2020          **LAW OFFICES OF RAMIN R. YOUNESSI,
                                          A PROFESSIONAL LAW CORPORATION**
14
                                          By:    /s/Liliuokalani H. Martin_____
15                                               Ramin R. Younessi, Esq.
                                                 Liliuokalani H. Martin, Esq.
16                                               Eduardo Balderas, Esq
                                                 Attorneys for Plaintiffs Mario Gonzalez and
17                                               Vivian Y. Ramos Valderrama, individually
                                                 and on behalf of all others similarly situated
18

19   Dated: December 11, 2020            **LAWYERS for JUSTICE, PC**

20                                        By:    /s/Edwin Aiwazian_____
                                                 Edwin Aiwazian
21                                               Attorneys for Plaintiffs Alexis Gomez,
                                                 individually and on behalf of all others
22                                               similarly situated
23

24   Dated:    December 11, 2020          **LAVI & EBRAHIMIAN, LLP**

25                                        By:    /s/Joseph Lavi_____
                                                 Joseph Lavi
26                                               Jordan D. Bello
                                                 Attorneys for Plaintiff Francisco Zuleta on
27                                               behalf of himself and others similarly situated

28

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demands trial by jury of all causes of action.

Dated:   December 11, 2020          **MAKAREM & ASSOCIATES, APLC**

By:    __/s/Ronald W. Makarem_____
Ronald W. Makarem
Attorneys for Plaintiffs Alexis
Gomez, individually and on
behalf of all others similarly
situated

Dated:   December 11, 2020          **LAW OFFICES OF RAMIN R. YOUNESSI,
A PROFESSIONAL LAW CORPORATION**

By:    __/s/Liliuokalani H. Martin_____
Ramin R. Younessi, Esq.
Liliuokalani H. Martin, Esq.
Eduardo Balderas, Esq
Attorneys for Plaintiffs Mario Gonzalez and
Vivian Y. Ramos Valderrama, individually
and on behalf of all others similarly situated

Dated: December 11, 2020          **LAWYERS for JUSTICE, PC**

By:    __/s/Edwin Aiwazian_____
Edwin Aiwazian
Attorneys for Plaintiffs Alexis Gomez,
individually and on behalf of all others
similarly situated

Dated:   December 11, 2020          **LAVI & EBRAHIMIAN, LLP**

By:    __/s/Joseph Lavi_____
Joseph Lavi
Jordan D. Bello
Attorneys for Plaintiff Francisco Zuleta on
behalf of himself and others similarly situated

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On January 5, 2021, I served the foregoing document described as **CONSOLIDATED COMPLAINT** on the interested parties in this action as follows:

☒    By placing true copies enclosed in a sealed envelope addressed to each addressee as follows:

Ronald W. Makarem, Esq. (SBN 180442)
William A.Baird, Esq. (SBN 250767)
MAKAREM & ASSOCIATES, APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California, 90025-1760
Attorneys for Plaintiff ALEXIS GOMEZ

Edwin Aiwazian (SBN 232943)
Kenyon Harbison (SBN 260416)
LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California, 91203
Attorneys for Plaintiff RONELLE SILAS
Case No. 19STCV36888
Attorneys for Plaintiff DOMINIQUE
GONZALES
Case No. 34-2020-00273567

Max Fischer (SBN 226003)
Tuyet T. Nguyen Lu (SBN 256431)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second
Floor
Los Angeles, CA 90071-3132

Thomas H. Severson (IL Bar No. 6321489,
Pro Hac Vice Application forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL60601
Attorneys for Defendant Amazon Logistics,
Inc., identified in First Amended Complaint
as Amazon.com Services, Inc.

Jonathan Kaplan (SBN 150838)
Yitz E. Weiss (SBN 244452)'
KAPLAN WEISS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

☒     BY ELECTRONIC TRANSMISSION VIA CASEANYWHERE - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated above.

Executed on January 5, 2021 at Los Angeles, California.

☒     STATE       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐     FEDERAL     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____          _____
GANNON DEL FIERRO