# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1053-GW-AFMx | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Alexis Gomez v. Rapid Pasadena Services, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Daniel Bass | Yitz E. Weiss |
| Kenyon Harbison | Max C. Fischer |
| Jordan B. Bello | |
| Samantha Ortiz | |

**PROCEEDINGS:**     **TELEPHONIC HEARING ON PLAINTIFF'S MOTION TO REMAND [41]**

The Court's Tentative Ruling was issued on September 22, 2021 [50]. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is taken under submission.

                                                        : 25

Initials of Preparer    JG

*Alexis Gomez, et al v. Rapid Pasadena Services, LLC et al.*; Case No. 2:21-cv-01053-GW-(AFMx)
Tentative Ruling on Plaintiffs' Motion to Remand

**I.     Background**

Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronelle Silas, Dominique Gonzales, and Francisco Zuleta brought this consolidated putative class action against Defendants for multiple wage and labor code violations during the period between December 12, 2016 and December 11, 2020.  *See* Removal Notice ¶¶ 1-25, ECF No. 1. Plaintiffs allege that they were non-exempt hourly employees of Defendants Rapid Pasadena Services, LLC; Rapid Sameday Logistics, LLC; Rapid Logistics Courier, LLC; Rapid Logistics, LLC; Rapid Logistics; and Etai Fishbein (the "Rapid Defendants") and Defendants Amazon.com Services, Inc.; Amazon.com, LLC; Amazon.com, Inc; Amazon.com Services LLC; Amazon Fulfillment Services, Inc.; and Amazon Logistics, Inc. (the "Amazon Defendants").[1]  The Rapid Defendants had entered into delivery services contracts with the Amazon Defendants and were responsible for completing deliveries of products to Amazon customers in California.  *See* Complaint ("Compl.") ¶¶ 27-39, ECF No. 1-1.  The Complaint alleges nine causes of action: (1) Failure to Provide Meal Periods, Cal. Lab. Code §§ 204, 223, 226.7, 512, 1198; (2) Failure to Provide Rest Periods, Cal. Lab. Code §§ 204, 223, 226.7, 1198; (3) Failure to Pay Hourly Wages, Cal. Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, 1198; (4) Failure to Pay Minimum Wages, Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1198; (5) Failure to Pay Overtime Wages, Cal. Lab. Code §§ 510, 1194, 1198; (6) Failure to Provide Complete and Accurate Written Wage Statements, Cal. Lab. Code § 226(a); (7) Failure to Timely Pay all Final Wages, Cal. Lab. Code §§ 201-203; (8) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (9) Penalties Pursuant to the Private Attorney General Act, Cal. Lab. Code §§ 2698 *et seq.*[2]  *See* Compl. ¶¶ 71-146.

The consolidated complaint was originally filed in Los Angeles County Superior Court and timely removed by the Amazon Defendants.  *See* Removal Notice at 1.  Before the Court now is Plaintiffs' Motion to Remand ("Mot."), ECF No. 41.  Defendants have filed an

---

[1] The Rapid Defendants and the Amazon Defendants are referenced jointly as "Defendants."

[2] The cover sheet of the Complaint includes an extra cause of action for "Failure to Indemnify Employees for Necessary Expenditures (Lab. Code §§ 2800, 2802)," which was not included in the body of the Complaint.

1

Opposition ("Opp."), ECF No. 44, and Plaintiffs have submitted a Reply, ECF No. 47.

Based on the reasons set out below, the Court **DENIES** the motion.

A. Factual Background

Plaintiffs are delivery drivers or dispatchers who allege that they were jointly employed by the Rapid Defendants and the Amazon Defendants to deliver products to Amazon customers in California. Compl. ¶¶ 2-26. Plaintiffs Alexis Gomez, Vivian Y. Ramos Valderrama, Dominique Gonzales, and Francisco Zuleta were employed as delivery drivers. *Id.* ¶¶ 27-39. Plaintiff Ronelle Silas was employed as a dispatcher, and Plaintiff Mario Gonzalez was employed both as a driver and a dispatcher. *Id.* Although Plaintiffs received pay stubs from the Rapid Defendants, Plaintiffs allege that the Amazon Defendants maintained significant control over their working conditions. *Id.* ¶¶ 40-46. For example, Amazon set the amount of work to be completed by each driver every day; required the drivers to report to an Amazon facility to pick up their daily manifest, communication devices, keys, and delivery trucks; and was responsible for training, discipline, supervision, employment decisions, and providing the tools and instrumentalities required for the job. *Id.* ¶¶ 41-44.

Plaintiffs allege a wide variety of wage and labor code violations. Defendants are accused of not providing all legally required meal or rest periods. Plaintiffs accuse Defendants of having a policy and/or practice of requiring Plaintiffs to skip or delay their meal or rest periods when there were too many scheduled deliveries. *Id.* ¶ 48. This problem was exacerbated because Defendants also had a policy and/or practice of understaffing delivery routes and requiring drivers to never leave their delivery vehicles unattended. *Id.* Dispatchers were treated similarly with Defendants alleged to have a policy and/or practice of not providing dispatchers with any time to take rest breaks or take lunches and failing to pay dispatchers time-and-a-half for overtime hours worked. *Id.* ¶¶ 48-50.

Plaintiffs also accuse Defendants of failing to pay wages at the applicable minimum wage rate or at the overtime rate for all "hours worked" under California law. *Id.* ¶ 49. Defendants allegedly employed several policies and/or practices that deprived Plaintiffs of their full wages for all their hours worked: (1) Defendants automatically deducted meal periods regardless of whether Plaintiffs had the opportunity to take their meal break; (2) Defendants required Plaintiffs to wait in line to pick up mandatory communication devices and keys to delivery vehicles prior to clocking in for their shift; (3) Defendants failed to pay double overtime when required; (4)

Defendants repeatedly failed to provide sign in sheets before shifts causing Plaintiffs to record incorrect start or end times. *Id.* ¶¶ 49-51. In combination, these practices resulted in Defendants' failure to compensate Plaintiffs for all hours worked, which led to Plaintiffs not receiving the required minimum wage rate or not receiving an applicable overtime rate. *Id.* ¶¶ 49-51.

In addition, Defendants required Plaintiffs to use their personal cell phones to receive and make business calls but did not offer reimbursements. *Id.* ¶ 52. Plaintiff Mario Gonzalez also alleges that he was misclassified as an exempt employee, improperly reciving a flat rate salary despite the number of hours worked in any given week. *Id.* ¶ 53.

B. Procedural Background

Between 2019 and 2020, Plaintiffs Gomez, Gonzalez, Silas, Valderrama, Gonzales, and Zuleta each filed a putative class action in the Los Angeles County Superior Court in California against several of the Rapid and Amazon Defendants. Removal Notice ¶¶ 1-9. The actions were consolidated and Plaintiffs filed a consolidated complaint on December 11, 2020. *Id.* ¶ 11. On January 5, 2021, Plaintiffs served the consolidated complaint on Defendants, and the Amazon Defendants removed the action within thirty days of service pursuant to the Class Action Fairness Act ("CAFA"). Removal Notice ¶¶ 17-18.

> Plaintiffs seek to certify the following Class and Subclasses:
>
> **The Hourly Employee Class:** "Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California at any time during the four years preceding the filing of this action."
>
> **The Hourly Driver Subclass:** "Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California as a 'driver' at any time during the four years preceding the filing of this action."
>
> **The Hourly Dispatcher Subclass:** "Current and former non-exempt hourly employees that worked for both Defendant Amazon and the Rapid Defendants in California as a 'dispatcher' at any time during the four years preceding the filing of this action."
>
> **The Exempt Employee Subclass:** "Current and former non-exempt employees that were or are currently misclassified as exempt employees that worked for both Defendant Amazon and Rapid Defendants in California at any time during the four years preceding the filing of this action."

Removal Notice ¶ 13.

**II.     Legal Standard**

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking removal has the burden of showing that the federal court has jurisdiction over the matter and that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Although courts generally "strictly construe the removal statute against removal jurisdiction," *Gaus*, 980 F.2d at 566, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)), there is no anti-removal presumption in cases invoking the CAFA. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "[t]he party seeking the federal forum [in CAFA cases still] bears the burden of establishing that the statutory requirements of federal jurisdiction have been met," *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013), and, "if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (observing that the "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"). But a court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). The defendant must "prov[e] the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567. In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); *Singer*, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000"). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

**III.  Discussion**

Plaintiffs move to remand the action back to Los Angeles Superior Court and argue that Defendants have not shown that CAFA's $5 million amount in controversy requirement has been met.  *See* Mot. at 5-13.  Further, Plaintiffs argue that the home state controversy exception and the local controversy exceptions to CAFA are applicable, warranting remand.  *See id.* at 14-18.  In return, Defendants maintain that they have established by a preponderance of the evidence that the amount in controversy exceeds $5 million.  *See* Opp. at 6-16.  Defendants also aver that neither of the CAFA exceptions apply.  *See id.* at 17-24.

    A.  Amount in Controversy

A removing party must initially file a notice of removal that includes a "plausible allegation that the amount in controversy exceeds the jurisdictional threshhold."  *See Dart*, 574 U.S. at 89.  If the sufficiency of the amount in controversy is not contested by the plaintiff or questioned by the court, defendant's plausible allegation is accepted.  *Id.* at 88-89.  If the plaintiff contests the allegation, "both sides submit proof and the court decides, by a preponderance of evidence, whether the amount in controversy requirement has been satisfied."  *Id.*

Here, Defendants have provided a plausible allegation that the amount in controversy requirement has been satisfied by showing the calculations they used to arrive at that conclusion in their Removal Notice.  *See* Removal Notice ¶¶ 32-49.  Defendants have buttressed these calculations with declarations providing the sources of the figures used during the calculations.  *See generally* Declaration of Yitz Weiss ("Weiss Decl."), ECF No. 44-1; Declaration of Thomas Severson ("Severson Decl."), ECF No. 44-2.  In return, Plaintiffs submit evidentiary objections unsuccessfully attacking Defendants' declarations.[3]  Plaintiffs, however, do not provide their own calculations, instead mounting a "factual attack" on the "rationality" of the notice of removal.  *See* Reply at 5.

The Court has considered the parties' arguments and finds that the preponderance of evidence supports a finding that the amount in controversy requirement has been satisfied.  Plaintiffs attack Defendants' calculations for taking an alleged "policy and practice" and assuming it was applied universally over the class period, but the Court generally agrees with with Defendants' calculations.  Based on a plain reading of the Complaint, the Court agrees with

---

[3] The Court has considered the evidentiary objections filed by Plaintiffs.  *See* Plaintiffs' Evidentiary Objections to Defendants' Purported Evidence, ECF No. 47-1.  The Court overrules all objections.

Defendants that Plaintiffs have alleged systemic violations that could reasonably be read to apply universally over the class period. For example, Plaintiffs' allegations that Defendants did not provide adequate meal and rest breaks do not provide any obvious temporal or other limiting language that would indicate how often the meal and rest breaks were not provided if not universally. *See* Compl. ¶¶ 48-49. The Court finds that a reasonable reading of the Complaint was that the policy or practice was applied universally. The Court reaches the same conclusion as to the calculation of waiting time penalties, unpaid overtime, wage statement violations, and unreimbursed business expenses. *See* Reply at 9-12.

Plaintiffs rely heavily on *Ibarra* for the proposition that their pleadings do not support a universal violation rate, but unlike *Ibarra*, Plaintiffs have already had the opportunity in this motion to provide evidence to support a reduced figure for the amount in controversy. *See Ibarra*, 775 F.3d at 1199 ("A remand is necessary to allow both sides to submit evidence related to the contested amount in controversy."). Plaintiffs, however, have provided no declarations or factual evidence indicating that the violations were not universal or otherwise providing reasonable challenges to Defendants' factual declarations. *See* Reply at 6-12. Even if such declarations or other factual evidence were not required, Plaintiffs do themselves no favors by not even attempting to propose a separate and reasonable calculation for the amount in controversy. Without Plaintiffs' offering any indication of how often the wage and labor code violations occurred, if not universally as argued by Defendants, it is difficult for the Court to reasonably adjust the calculation downward to determine if the amount in controversy is not met. This is especially true as Plaintiffs have not responded at all to Defendants arguments about the inclusion of attorneys' fees, which must be included in the amount in controversy and could increase the amount in controversy by 25%. Opp. at 16; *see also Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793-94 (9th Cir. 2018).

The Court thus finds that the preponderance of evidence supports a finding that amount in controversy exceeds the jurisdictional threshhold.

    B. <u>CAFA's Home State Controversy Exception</u>

CAFA's Home State Controversy Exception provides that a district court shall decline to exercise jurisdiction over an action if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *See* 28 U.S.C. § 1332(d)(4)(B). "[T]he burden of proof for

establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). The parties do not dispute that at least two-thirds of all proposed members of the Class or that the Rapid Defendants are citizens of California. *See* Reply at 13. Similarly, there is no dispute that the Amazon Defendants are not citizens of California, so the applicability of the home state controversy exception turns on whether the Amazon Defendants can be properly considered "primary defendants." *Id.*

CAFA does not define "primary defendant." *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019). In the Ninth Circuit, when analyzing whether a defendant is a "primary defendant," the court should "first assume that all defendants will be found liable," then "consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable." *Id.* The Court "should also consider the defendant's potential exposure to the class relative to the exposure of other defendants." *Id.* The analysis should not be conducted "mechanistically" and the inquiry should focus on whether a defendant is "principal," "fundamental," or "direct." *Id.* (citing *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 504 (3d Cir. 2013)).

Here, Plaintiffs argue that the Amazon Defendants are not primary defendants because there is no dispute that the Amazon Defendants are *not* the employers of the class members and that the Amazon Defendants contracted with the Rapid Defendants for delivery services. *See* Mot. at 16. Plaintiffs further submit that the Amazon Defendants are not alleged to be directly liable, only vicariously liable, for the violations as the Plaintiffs were hired by the Rapid Defendants and the Rapid Defendants contracted to make deliveries on Amazon's behalf. In return, Defendants cite to Plaintiffs' Complaint, which alleges that the Amazon and Rapid Defendants were "joint employers" and asserts that both Amazon and the Rapid Defendants were directly responsible for violating labor laws. Opp. at 19-20.

The Court agrees with Defendants. The Complaint attempts to portray a picture of the Amazon Defendants that makes them as equally responsible as the Rapid Defendants. Plaintiffs plead that they were "joint employees" of Amazon and the Rapid Defendants, and that Amazon "maintained significant control over Plaintiffs and the aggrieved employees' working conditions." Compl. ¶¶ 41-46. Plaintiffs further expand that Amazon "structured" each driver's workload to ensure a minimum 10-11 hour workday. Amazon required Plaintiffs to check in at

7

an Amazon facility in the morning to pick up their daily manifest, mandatory communication devices, and keys to their delivery trucks. *Id.* ¶ 41. Amazon provided all the tools and instrumentalities, including phones, customer service support, and an Amazon phone application, that allowed Plaintiffs to complete their jobs. *Id.* ¶ 43. Amazon further had the power to "train, discipline, supervise, and fire drivers." *Id.* ¶ 42. Based on Plaintiffs' own representations in their Complaint, the Amazon Defendants are primary defendants. Plaintiffs cannot now attempt to change course during briefing and claim that the Amazon Defendants "only contracted with the Rapid Defendants to provide delivery services." Reply at 14.

The Court also rejects Plaintiffs' attempts to favorably compare to the situation in *Singh*. In *Singh*, the plaintiff had purchased a car from defendant's Honda dealership and financed the car through defendant American Honda Finance Corporation ("AHFC"). *Singh*, 925 F.3d at 1058-61. The plaintiff brought a putative class action claiming that the defendant Honda dealership improperly charged him for vehicle add-ons. *Id.* at 1061. As the vehicle add-ons increased the price of the purchased car, Singh brought suit against AHFC as well, alleging that AHFC profited from the improper vehicle add-ons in the form of higher interest payments. *Id.* The court in *Singh* concluded that AHFC was not a primary defendant because AHFC's liability depended on a "threshold finding that the dealership defendants had acted unlawfully," and the dealership defendants were "responsible for the direct harm to consumers: improperly charging for vehicle add-ons." *Id.* at 1069. The instant situation can be easily distinguished from *Singh*, however, because Plaintiffs have pleaded that the Amazon Defendants had *direct* control over how Plaintiffs completed their job, including the "ability to train, discipline, supervise, and fire drivers." Compl. ¶ 42. The Amazon Defendants were therefore directly responsible for the harm to Plaintiffs and unlike *Singh*, the Court does not have to make a "threshold finding" that the Rapid Defendants acted unlawfully to find the Amazon Defendants liable. *Signh*, 925 F.3d at 1069. Based on Plaintiffs' own pleadings, the Amazon Defendants are directly liable to Plaintiffs.

The Court thus finds that Plaintiffs have not met their burden to show that the home state controversy exception applies.

    C. <u>CAFA's Local Controversy Exception</u>

CAFA's Local Controversy Exception provides that a district court shall decline to exercise jurisdiction over an action if: (1) more than two-third of the members of all proposed

8

plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (2) one or more defendants for whom significant relief is sought and whose alleged conduct forms a significant basis for the asserted claims is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on or behalf of the same or other persons. *See* 28 U.S.C.§ 1332(d)(4)(A)). The burden is again on Plaintiffs, as the party seeking remand, to show that the exception to CAFA jurisdiction applies. *See Mondaragon*, 736 F.3d at 883.

The parties agree that only the last requirement is in dispute: requiring that no other similar class actions were filed against any of the Defendants for the three years preceding this class action. Reply at 16. Defendants submit at least five class actions that have been filed against Amazon asserting similar factual allegations in the three years preceding the filing of this class action. Opp. at 23-24. Plaintiffs aver that the local controversy exception applies because "[n]one of the other actions involve employees of Rapid Defendants who performed deliveries for Amazon." Reply at 16.

The Court agrees with Defendants and finds that the local controversy exception does not apply. Based on a plain reading of the statute, the exception does not apply if a class action has been filed asserting "similar factual allegations against *any* of the defendants on or behalf of the same *or other persons*." 28 U.S.C.§ 1332(d)(4)(A)). Defendants have directed the Court's attention to at least five different class actions filed asserting similar factual allegations against Amazon by other persons.[4] Opp. at 23-24. The fact that none of the actions involve employees of the Rapid Defendants is irrelevant because the plain language of the statute states that the exception does not apply if a similar class action has been filed against *any* of the defendants.

---

[4] Plaintiffs and Defendants both include a request for judicial notice. In order to defeat the local controversy exception, the Amazon Defendants request judicial notice of three complaints that assert similar class claims, as here, against them in state court. *See* Defendant Amazon's Request for Judicial Notice, ECF No. 45. The Court **GRANTS** the request for judicial notice as the contents of the documents are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, and courts "may take judicial notice of undisputed matters of public record including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted).

Similarly, Plaintiffs include a request for judicial notice of a complaint to support their arguments for application of the home state controversy exception. *See* Plaintiffs' Request for Judicial Notice, ECF No. 48. The Court **GRANTS** Plaintiffs' request for the same reasons but notes that the Court did not find the document necessary to resolve the instant motion for remand.

Further, the Court agrees with Defendants that *Yolanda Champion v. Amazon.com, LLC; NEA Delivery, LLC*, Case No. 3:18-cv-05222, in the Northern District of California asserted similar factual allegations as that action involved similar labor code violations against Amazon and a company that had contracted with Amazon to provide delivery services, as here.  *See* Opp. at 23-24; Removal Notice, Exh. F.  Plaintiffs offer no persuasive arguments to the contrary.  *See* Reply at 16.  The Court thus finds that Plaintiffs have not met their burden to show that the local controversy exception to CAFA applies.

**IV.     Conclusion**

Based on the foregoing discussion, the Court **DENIES** the motion to remand.