UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-1053-GW-AFMx | Date March 25, 2022 |
| Title *Alexis Gomez v. Rapid Pasadena Services, LLC, et al.* | Page 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – FINAL RULING ON PLAINTIFFS' MOTION TO REMAND [41]**

This order addresses the latest iteration of supplemental briefing in response to Plaintiffs' motion to remand. *See* Plaintiffs' Motion to Remand, ECF No. 41. At first, the Court tentatively denied the motion to remand, relying on Defendants' factual declarations to determine *inter alia* that the preponderance of evidence supports a finding that the amount in controversy exceeds the jurisdictional threshold. *See* Court's Tentative Ruling on Plaintiffs' Motion to Remand at 5-6, ECF No. 50. During oral argument, however, Plaintiffs persuasively argued that their evidentiary objections should be sustained because Defendants' declarations contained hearsay. *See* ECF No. 52. The Court agreed and gave Defendants another opportunity to file amended declarations devoid of inadmissible evidence. *Id.* Defendants filed amended declarations but failed to alleviate all hearsay issues, and the Court again found the declarations deficient. *See* Court's Ruling on Plaintiffs' Motion to Remand Following Submission of Supplemental Filings at 2-4. The Court indicated that Defendants would be given one final opportunity to present admissible evidence in opposition to the motion to remand, and failure to do so at this juncture would result in remand. *Id.* at 4.

Before the Court are Defendants' latest set of factual declarations. *See generally* Amended Declaration of Amber Huerta ("Huerta Decl."), ECF No. 65; Amended Declaration of Yitz Weiss ("Weiss Decl."), ECF No. 66; Declaration of Peter Nickerson ("Nickerson Decl."), ECF No. 67;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV 21-1053-GW-AFMx | Date   March 25, 2022 |
| Title   *Alexis Gomez v. Rapid Pasadena Services, LLC, et al.* | Page   2 of 3 |

Amended Declaration of Thomas Severson ("Severson Decl."), ECF No. 68; Notice of Errata – Revised Amended Declarations of Amber Huerta and Yitz Weiss, ECF No. 69. Plaintiffs have again filed evidentiary objections. *See generally* Plaintiffs' Evidentiary Objections ("Objections"), ECF No. 70.

      The Court has reviewed Plaintiffs' latest set of evidentiary objections. Plaintiffs present three objections to sections of the amended Huerta declaration. Each objection is based on one or more of the following grounds: (1) Huerta fails to clearly state the time period during which she was employed as the Human Resources Director and a custodian of records; (2) Huerta did not provide sufficient foundation to demonstrate her personal knowledge that the payroll and timekeeping data referenced in her declaration was the same data that was transmitted to counsel then provided to Amazon Defendants; (3) Huerta fails to provide adequate details on which documents were downloaded from electronic databases versus maintained in hard copy; and (4) the list of provided document titles in Exhibit A only appear to include records through 2019. *See* Objections ¶¶ 1-3. Similarly, Plaintiffs also raise the second and fourth grounds in their objection to the Weiss declaration. *Id.* ¶ 4.

      After review, the Court overrules all four objections. Huerta was not required to clearly state what time period she was employed as the Human Resources Director or provide details on which documents were taken from an electronic database versus maintained in hard copy. Huerta simply had to comply with Federal Rule of Evidence 803(6), and the Court finds that she has complied. Huerta confirmed that the records were made contemporaneously by administrative staff as a regular practice and kept in the course of regularly conducting business. Huerta Decl. ¶ 2. Defendants further offered to make the business records certified by Huerta available for inspection by Plaintiffs as required by Federal Rules of Evidence 803(6)(D) and 902(11), but Plaintiffs refused the offer. *See* Severson Decl. ¶¶ 9-15. If Plaintiffs had accepted the offer and reviewed the records, they also could have confirmed or denied whether the records contained information past 2019, instead of raising a speculative evidentiary objection based simply on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-1053-GW-AFMx | Date | March 25, 2022 |
| Title | *Alexis Gomez v. Rapid Pasadena Services, LLC, et al.* | Page | 3 of 3 |

document titles or file names in Exhibit A. The Court thus overrules Plaintiffs' objection based on document titles or files names because it is purely speculative, and Plaintiffs have the ability to inspect the records to confirm what they contain. Finally, the Court overrules Plaintiffs' objection that Huerta and Weiss lack the requisite personal knowledge that the payroll and timekeeping data they referenced is the same data that was transmitted to Amazon's counsel then the Amazon Defendants. Huerta confirms that she downloaded and sent over a list of files representing the relevant business records, as listed in Exhibit A to her declaration, to Weiss. *See* Huerta Decl. ¶ 3, Exh. A. Weiss similarly provides a declaration that he received the exact same set of relevant business records, as listed in Exhibit A to his declaration, from Huerta and passed it on to Severson. *See* Weiss Decl. ¶¶ 2-3, Exh. A. Severson then confirms that he received the same set of relevant business records, as detailed in Exhibit A, from Weiss and sent them to Peter Nickerson of Nickerson & Associates for analysis. *See* Severson Decl. ¶ 3. The Court finds that the representations of Huerta, Weiss, and Severson in combination sufficiently establish that the payroll and timekeeping data referenced by Huerta and Weiss was the same data transmitted to counsel then the Amazon Defendants.

    The motion to remand is thus finally **DENIED**.

    The Court sets a status/scheduling conference for April 4, 2022 at 8:30 a.m.