1  Ramin R. Younessi, Esq. (SBN 175020)
   ryounessi@younessilaw.com
2  Samantha L. Ortiz, Esq. (SBN 312503)
   sortiz@younessilaw.com
3  **LAW OFFICES OF RAMIN R. YOUNESSI**
   **A PROFESSIONAL LAW CORPORATION**
4  3435 Wilshire Boulevard, Suite 2200
   Los Angeles, California 90010
5  Telephone: (213) 480-6200
   Facsimile: (213) 480-6201
6  Attorneys for Plaintiff MARIO GONZALEZ and
    VIVIAN Y. RAMOS VALDERRAMA
7
   Ronald W. Makarem, Esq. (SBN 180442)
8  makarem@law-rm.com
   **MAKAREM & ASSOCIATES, APLC**
9  11601 Wilshire Boulevard, Suite 2440
   Los Angeles, California, 90025-1760
10 Telephone: (310) 312-0299
   Facsimile: (310) 312-0296
11 Attorneys for Plaintiff ALEXIS GOMEZ

12

13 (Additional Counsel on following page)

14

15                **UNITED STATES DISTRICT COURT**

16                **CENTRAL DISTRICT OF CALIFORNIA**

17 ALEXIS GOMEZ, et al.,                | Case No. 2:21-CV-01053-GW-AFM

18              Plaintiffs,             | **NOTICE OF MOTION AND**
                                        | **MOTION FOR FINAL APPROVAL**
19        v.                            | **OF CLASS AND PAGA ACTION**
                                        | **SETTLEMENT AND ATTORNEYS'**
20 AMAZON.COM SERVICES, INC., a         | **FEES AND COSTS**
   Delaware Corporation, et al.,        |
21                                      | Date: January 8, 2026
22              Defendants.             | Time: 8:30 a.m.
                                        | Courtroom: 9D
23                                      |
                                        | Before Hon. George H. Wu, United States
24                                      | District Judge
25

26

27

28

-1-

Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
Malcolm E. Clayton (State Bar No. 340680)
mclayton@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (State Bar No. 146621)
sahagii@aol.com
**Law Offices of Sahag Majarian II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for PLAINTIFF
FRANCISCO ZULETA on behalf of himself and
others similarly situated.


Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
Vartan Madoyan (Cal. State Bar No. 279015)
*vartan@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd. Suite 900
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile:   (818) 265-1021
Attorneys for Plaintiffs RONELLE SILAS and
DOMINIQUE GONZALES

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronelle Silas, Dominique Gonzales, and Francisco Zuleta ("Plaintiffs") hereby give Notice that on January 8, 2026 at 8:30 a.m., in Courtroom 9D of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, Plaintiffs will move for the first time, and hereby do move the Court to enter the concurrently filed [Proposed] Order seeking the following:

(1) Granting final approval of the proposed class action and PAGA settlement, including the amount of the settlement; the amount and methodology pertaining to distributions to the class; the procedure for giving notice to class members; the procedure for allowing class members to opt out of the settlement; the procedure for submitting claims; and the amounts allocated to incentive payments, attorney fees and costs, and administrative costs;

(2) Confirming certification of the proposed Class for settlement purposes only;

(3) Confirming the appointment of Makarem & Associates, APLC, Lawyers *for* Justice, PC, Law Offices of Ramin Younessi APLC, Lavi & Ebrahimian, LLP, and Law Offices of Sahag Majarian II as Class Counsel and named Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronelle Silas, Dominique Gonzales, and Francisco Zuleta as Class Representatives;

(5) Confirming the appointing CPT Group, Inc., as claims administrator; and

(6) Approving an award of $318,000.00 in attorneys' fees to Class Counsel;

(7) Approving an award of $15,500.00 to CPT Group, Inc. for its settlement administration services;

(8) Approving $7,500 to Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronnelle Silas, Dominque Gonzales, and Francisco Zuleta  for their services as Class Representatives, for a total of $45,000.00;

(9) Approving a payment of $71,250.00 to the Labor & Workforce Development

Agency ("LWDA") for its share of Private Attorney General Act ("PAGA") civil penalties;

(10) Entering the proposed Judgment and proposed Final Approval Order filed herewith.

Plaintiffs' motion is based on this Notice, the stipulation for settlement, memorandum of points and authorities; Declarations of counsel Malcolm Clayton, Vartan Madoyan, and Samantha Ortiz with respect to attorneys' fees and costs; and Declaration of Christian Labow[1] with respect to Notification and Settlement Administration; all other pleadings and papers on file in this action; and any other argument or other matter that may be considered by the Court.

Respectfully submitted,

Dated: December 8, 2025        **LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**


By: /s/ Samantha L. Ortiz
Ramin R. Younessi, Esq.
Samantha L. Ortiz, Esq.
Attorneys for Plaintiffs
Mario Gonzalez and Vivian Y. Ramos Valderrama

---

[1] As of the filing of this Motion, the signed declaration of Christian Labow has not been received. Plaintiffs will submit the signed version of Mr. Labow's declaration as soon as possible.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    <u>INTRODUCTION</u>

Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronnelle Silas, Dominque Gonzales, and Francisco Zuleta (collectively "Plaintiffs") submit this memorandum of points and authorities in support of their motion for final approval of the $954,000.00 Class and Representative Action Settlement ("Settlement") with Defendants Etai Fishbein ("Fishbein"), Rapid Pasadena Service, LLC, Rapid Sameday Logistics, LLC, Rapid Logistics Courier, LLC (collectively "Rapid") and Amazon Logistics, Inc. ("Amazon", together with Fishbein and Rapid, "Defendants"). The Settlement resolves claims brought under the California Labor Code and the Private Attorney General Act ("PAGA") on behalf of the following individuals: all current and former non-exempt California employees of Rapid who were employed at any time from August 27, 2015 through March 15, 2021 (the "Class Period") and assisted Rapid in fulfilling its contractual obligations to Amazon. Excluded from the "Class" are those Rapid employees who previously released their California wage and hour claims against Defendants. (Settlement Agreement, p.1, § I.C.)

There are two subclasses in this Settlement: (1) the Hourly Subclass includes all Class Members who appear to have been paid at an hourly rate (Settlement Agreement, p.3, § I.S.)., and (2) the Salaried Subclass that includes all Class Members who appear to have been paid a weekly salary, including Plaintiff Mario Gonzalez. (Settlement Agreement, p.6, § I.QQ.)

The Settlement also resolves the PAGA penalty claims for those Class Members employed during the PAGA Period of July 29, 2018 through March 15, 2021, regardless of whether they exclude themselves from the Class Settlement (called "PAGA Members"). (Settlement Agreement, p. 4, §I.FF-GG.)

Notice of the Settlement was mailed to Settlement Class members on August 29, 2025, and Settlement Class members had 60 days, until October 28, 2025, to object to

or opt-out of the Settlement. As of the filing of this Motion, zero (0) Settlement Class members have objected to the Settlement, and zero (0) Settlement Class Members have opted-out of the Settlement. Therefore, 1,132 Settlement Class Members will be mailed an individual Settlement Payment, without having to file a claim form. The average Settlement Payment is estimated to be $390.02. In light of the benefit to the class that was reached with this settlement along with the prompt resolution Plaintiffs were able to obtain for the class, the Settlement Class members received an excellent result.

The Court should grant Plaintiffs' motion because: (1) the Settlement Class continues to meet the requirements set forth in Federal Rules of Civil Procedure, Rule 23(e); (2) the Settlement is a fair, adequate, and reasonable compromise of the disputed claims in this case; and (3) the requested amounts for attorneys' fees and costs, settlement administration costs, and class representative enhancement payments are all fair, adequate, and reasonable.

In light of the foregoing, Plaintiffs respectfully submit that the Court should enter the [Proposed] Judgement and Order Granting Final Approval submitted herewith.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Status

Plaintiffs filed a consolidated class action on behalf of all current and former hourly employees that worked for Rapid in California alleging all of the following causes of action against Rapid, Fishbein and Amazon: (1) failure to provide meal periods pursuant to Labor Code sections 204, 233, 226.7, 512, and 1198; (2)failure to pay rest periods pursuant to Labor Code sections 204, 223, 226.7, and 1198;(3) failure to pay hourly wages pursuant to Labor Code sections 223, 510, 1194, 1194.2,1197, 1997.1, and 1198; (4) failure to pay minimum wages pursuant to Labor Code sections 1182.12, 1194, 1194.2, 1197, and 1198; (5) failure to pay overtime wages pursuant to Labor Code section 510(a), 1194, 1198; (6) failure to provide complete and accurate written wage statements pursuant to Labor Code section 226(a); (7) failure to timely pay all final wages pursuant to Labor Code sections 201-203; (8) failure to indemnify

employees for necessary expenditures pursuant to Labor Code sections 2800, and 2802; (9) violation of Business & Professions Code section 17200; and (10)penalties pursuant to Labor Code §§ 2699, et seq. (Dkt. 1-1.)

On February 8, 2021, Defendants removed the consolidated matter to the United States District Court, Central District of California. (Dkt. 1.)

Plaintiffs allege that Defendants failed to pay regular hourly, minimum and overtime wages, failure to provide meal and rest periods, failure to compensate for missed meal and rest periods, failure to indemnify for business expenses for cell phone usage and uniforms, failure to provide accurate wage statements, and failure to timely pay wages upon separation of employment. (*See* Declaration of Samantha L. Ortiz ["Ortiz Decl."], ¶ 16.) Plaintiffs also sought penalties authorized by PAGA pursuant to Labor Code § 2699 et seq.

**B. <u>Investigation and Discovery Conducted</u>**

Class Counsel investigated the claims by not only reviewing the information and documents provided by the six named Plaintiffs but also the information gathered and provided by Defendants in advance of the mediation. A sampling of electronic timecards and pay data was produced by Defendants along with relevant documents that included training materials, arbitration agreements, meal and rest policies, time clock procedures, reimbursement policies, employee handbooks and the delivery services contracts between Defendants. Plaintiffs retained an expert to help analyze the data for the damages evaluation for mediation and further litigation and relied on the expert's analysis in preparing this case for mediation and potential resolution. (Ortiz Decl., ¶ 17.)

From their investigation, Class Counsel was able to determine, among other things, the number of Class Members (1,132 persons in total) as well as their average rate of pay and the relevant weeks worked in both the Class and PAGA Periods.

The Parties engaged in a full-day session of private mediation with Lisa Klerman, Esq., a highly-respected mediator with particular experience in wage and

hour class actions, during which the Parties engaged in extensive settlement negotiations. The Parties reached this settlement after continuing settlement discussions over the course of many months after the conclusion of the mediation session. The settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial. (Ortiz Decl., ¶ 23.) The settlement in this case was finally reached more than one year after the mediation.  (Ortiz Decl., ¶ 24.)

## C. <u>Settlement Efforts</u>

From Class Counsels' review of the facts, strengths, and weaknesses of the case, the risks and delays posed by further litigation, and Class Counsels' own prior litigation experience, Class Counsel believe that the recovery for each Class Member is fair and reasonable taking into consideration the amounts received in other wage and hour class actions, the risks inherent in litigation of this genre, and the reasonable tailoring of each Class Member's claim to the settlement award he or she will receive.  (Ortiz Decl., ¶ 7-12 and 25-27 , <u>passim</u>.)  Further, and based on the settlement negotiations, which were hard-fought and conducted in good faith and at arm's length between several attorneys with substantial experience litigating class actions and wage-and-hour cases, the Class Action and PAGA Settlement Agreement and Release was the product of a non-collusive settlement process in which the parties were forced to make significant compromises in the interest of reaching a full and complete settlement of the lawsuit.

## D. <u>Preliminary Approval of the Settlement</u>

On June 17, 2025, this Court granted preliminary approval of the Settlement. (Ortiz Decl., ¶ 13; Dkt. 138.) On August 8, 2025, this Court entered an Order Granting Motion to Amend the Preliminary Approval Order. The purpose of the amendment was to revise the Escalator Clause in the Settlement Agreement, Section III(E)(7). (Ortiz Decl., ¶ 14; Dkt. 140-4.) Pursuant to the Revised Preliminary Approval Order dated August 8, 2025, Notices were mailed to Class Members on August 29, 2025, with a deadline of October 28, 2025 to submit disputes, objections, or request exclusion. (Declaration of Christian Labow ["Labow Decl."], ¶ 3, 6; Exh. A)

### III.    SUMMARY OF THE SETTLEMENT AND NOTICE PROCESS

#### A. Settlement Class Definition

The Settlement Class is comprised of all current and former non-exempt California employees of Rapid who were employed at any time from August 27, 2015 through March 15, 2021 (the "Class Period") and assisted Rapid in fulfilling its contractual obligations to Amazon. Excluded from the "Class" are those Rapid employees who previously released their California wage and hour claims against Defendants. (*See* Agreement, Section I.C.)

Further, the Settlement includes PAGA Members employed during the PAGA Period of July 29, 2018 through March 15, 2021, regardless of whether they exclude themselves from the Class Settlement (called "PAGA Members.") See Agreement, Section I.FF-GG.)

#### B. Monetary Terms

The Settlement provides for Defendant to pay a Gross Settlement Amount ("GSA") $954,000.00) in exchange for a release of the claims by each Class Member who does not opt out of the settlement.  The amount remaining in the Gross Settlement Amount after the following deductions have been made (called the "Net Settlement Amount," or "NSA") shall be available for distribution to Class Members (called "Settlement Class Members"):

- $95,000.00 for the PAGA Payment for penalties, with $71,250.00 payable to the Labor and Workforce Development Agency and $23,750.00 allocated to the PAGA Members;

- $318,000.00 to Class Counsel for attorneys' fees and $39,000.00 for litigation costs;

- $7,500 to Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronnelle Silas, Dominque Gonzales, and Francisco Zuleta for serving as class representatives, for a total of $45,000.00; and

- the actual costs of claims administration to CPT Group, Inc. in the

amount of $15,500.00.

Settlement Amounts to Settlement Class Members shall be paid out of the NSA as a proportional share based on the number of workweeks worked by each Class Member during the Class Period relative to the workweeks worked by all Class Members in that period.  If any settlement checks are not cashed by the Settlement Class Members within 180 days of issuance, that amount shall be transmitted to the California Controller's Unclaimed Property Fund in the name of the Class Member.

**C. <u>Summary of Notice Process</u>**

On July 18, 2025, CPT received a data file from Defense Counsel that contained the necessary information to complete the mailing to the Class and PAGA Members. (Labow Decl., ¶ 4.) The initial mailing list contained one thousand one hundred thirty-two (1,132) individuals identified as Class Members. (Labow Decl., ¶ 4.)

On August 26, 2025, CPT conducted a National Change of Address ("NCOA") database search in an attempt to update the class list of addresses as accurately as possible. A search of this database provides updated addresses for any individual who has moved in the previous four (4) years and notified the U.S. Postal Service of their change of address. (Labow Decl., ¶ 5.)

On August 29, 2025, CPT mailed the Notice Packet via U.S. First Class Mail to all one thousand one hundred thirty-two (1,132) Class Members on the Class List. (Labow Decl., ¶ 6.) Eighty (80) of the Notices were returned to CPT. Through skip trace efforts by CPT, a total of seventy-three (73) Notice Packets were re-mailed. At this point, a total of seven (7) Notice Packets remain undeliverable. (Labow Decl., ¶¶ 7-8.)

As of the filing of this Motion, CPT has not received any Request for Exclusion, Notices of Objection, or Workweek disputes from Class Members. (Labow Decl., ¶ 10.)

There are one thousand one hundred thirty-two (1,132) Class Members who did not submit timely and valid Requests for Exclusion and are therefore deemed

Settlement Class Members, representing 100% of the Class. (Labow Decl., ¶ 11.) Settlement Class Members have worked a collective total of twenty-six thousand three hundred forty-two (26,342) Workweeks during the Class Period. Based on the calculations, the average Individual Settlement Payment amount is estimated to be $390.02. (Labow Decl., ¶ 13.)

Of the Gross Settlement Amount, $95,000 was allocated towards PAGA penalties, of which 75%, or $71,250.00, shall be paid to the LDA and 25%, or $23,750.00, shall be paid to all current and former hourly non-exempt individuals who worked for Rapid during the PAGA Period. There are 951 PAGA Members who worked a total of nine thousand eight hundred seventy-seven (9,877) Workweeks during the PAGA Period. The average Individual PAGA Payment to be paid is approximately $24.97. (Labow Decl., ¶ 14.)

CPT's costs associated with the administration of this matter are $15,500.00. This includes all costs incurred to date, as well as estimated costs involved in completing the settlement distribution. (Labow Decl., ¶ 15.)

Based on the data provided to CPT Group, the Escalator Clause was not triggered as the number of Workweeks within the Class Period was 26,342, less than the 28,200 originally represented by Defendants. (*See* Dkt. 140, p. 3.)

**D. <u>Funding of the Settlement and Uncashed Settlement Funds</u>**

Within seven (7) calendar days of when the Judgment entered by this Court becomes Final, CPT will send Defendants' Counsel electronic wiring instructions for the deposit of the GSA into the Qualified Settlement Fund ("QSF"). Defendants shall fund the QSF with the GSA and the amount necessary to pay the share of employer payroll taxes no later than twenty (20) business days after receiving the wiring instructions from CPT. *See* Agreement, Section E(12). CPT shall prepare the settlement checks and pay the Individual Class Settlement Payments to Participating Class Members, the Individual PAGA Payments to all PAGA Members, the Class Representative Service Payment to the Plaintiffs, the Class Counsel Fees Payment and

Class Counsel Litigation Expenses Payment to Class Counsel, the LWDA Payment and the Settlement Administration Expenses payment within fourteen (14) days after Defendants fund the QSF. *Id*. Settlement Class members will have 180 days from the date of the mailing to cash their checks. *See* Agreement, Section E(13). Funds from checks that remained uncashed after the 180-day check cashing period will be voided by CPT and CPT will transmit the funds to the State of California's Controller, Unclaimed Property Division for further handling on behalf of the Class Member. *Id*.

## IV.    ARGUMENT

### A. This Court Should Confirm its Conditional Certification of the Settlement Class for the Settlement Purpose Because It Meets All of the Requirements for Class Certification Under Code of Civl Procedure § 382

Federal Rules of Civil Procedure, Rule 23(e) sets forth a "two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing Manual for Complex Litigation (Third) § 30.41 (1995). Here, this Court found that the Settlement Class meets all the requirements for class certification for settlement purposes when it granted preliminary approval of the Settlement on June 17, 2025 and by its revised order on August 8, 2025. (Ortiz Decl., ¶ 13-14.) No subsequent events have cast doubt on this determination, and in fact, the reaction of the Settlement Class to the Settlement has been strongly in support of the Settlement, with no Settlement Class members objecting to any portion of the Settlement and no Settlement Class members electing to opt-out.

**B. <u>This Court Should Finally Approve the Settlement Because it is Fair,</u>**
   **<u>Adequate, and a Reasonable Compromise of Disputed Wage and</u>**
   **<u>Hour Claims</u>**

As a matter of public policy, courts both encourage the use of the class-action device and favor settlement over continued litigation. *See*, *State v. Levi Strauss & Co.* (1986) 41 Cal. 3d 460, 471; *Class Plaintiffs v. City Of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1276 ("[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned."). When examining settlements, a presumption of fairness exists where:(1) settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and court to act intelligently and (3) counsel is experienced in similar litigation. 4 Newberg, § 11.41.

    1. <u>The Settlement Was Reached at Arm's Length, Through Experienced</u>
   <u>Counsel and an Experienced Mediator, and Was Based on</u>
   <u>Sufficient Information to Intelligently Negotiate a Fair Settlement</u>

Courts presume the absence of fraud or collusion in the negotiation of a settlement unless evidence to the contrary is offered. In short, there is a presumption that the negotiations were conducted in good faith. 4 Newberg, §11.51; *In re Chicken Antitrust Litigation* (N.D. GA 1980) 560 F. Supp. 957, 962; *Priddy v. Edelman* (6th Cir. 1989) 883 F.2d 438, 447; *Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.* (7th Cir. 1987) 834 F.2d 677, 681. Courts do not substitute their judgment for that of the proponents, particularly when settlement has been reached by experienced counsel familiar with the litigation. *Hammon v. Barry* (D.D.C. 1990) 752 F. Supp. 1087; *In re Armored Car Antitrust Litigation* (N.D. GA 1979) 472 F. Supp 1357; *Sommers v. Abraham Lincoln Federal Savings & Loan Association* (E.D. P.A. 1978) 79 F.R.D. 571.

The settlement here is fair because it provides a substantial payment to each Class Member for releasing his or her claims; extinguishes the risk of litigation; and provides a fair and adequate distribution of the settlement proceeds whereby the funds

are allocated to Class Members proportionally based on the number of workweeks that they worked during the class period. Further, the settlement also allocates a reasonable amount to the resolution of the PAGA penalties claim.

As detailed at length in the accompanying declarations of Class Counsel, the settlement is the result of extensive settlement negotiations between the parties, conducted at arm's length, and informed by substantial factual and legal investigations. (Ortiz Decl., ¶ 11, 18, 23.) The parties engaged in substantial information discovery, including exchanging information about the number of employees in the class, the workweeks, pay periods, employment policies and other information to ensure that Plaintiffs could determine both liability and damages. (Ortiz Decl., ¶ 17.) For these reasons, the settlement now before the Court was reached at a stage where "the parties certainly have a clear view of the strengths and weaknesses of their cases" sufficient to support the settlement. *Boyd v. Betchel Corp*. (N.D. Cal. 1979) 485 F.Supp. 610, 617.

Throughout this case, Class Members have been represented by experienced counsel. (Ortiz Decl., ¶¶ 2-12, 36-45.) Plaintiffs' counsels have considerable experience in wage and hour litigation. Plaintiffs' counsels have brought and are currently bringing many class actions involving wage and hour issues specifically. Thus, Plaintiffs' counsels are qualified to evaluate the class claims, the value of settlement versus moving for certification and going to trial, and the viability of possible affirmative defenses. Class counsel believe that the settlement is fair and reasonable in light of the complexities of this case, the uncertainties of class certification and litigation, and the secured benefit to the class.

These factors each indicated that the interests of Class Members are best served by a settlement of this action in the manner and upon the terms set forth in the Settlement Agreement. The Agreement confers a benefit on the class of $954,000.00 to compromise contested and uncertain claims in the face of stiff legal opposition. Moreover, the settlement awards for each Class Member will be tailored to the claims

he or she is releasing and the extent to which he or she was affected by Defendants' alleged wage-and-hour violations.

Class Counsel believe that the settlement is fair and reasonable and serves the best interests of the Class Members. Although the recommendations of counsel proposing the class settlement are not conclusive, the Court can properly take the recommendations into account, particularly if counsel have been involved in litigation for some period of time, appear to be competent, and have experience with this type of litigation, and significant discovery has been completed. *See* 4 Newberg, §11.47.

### 2. The Class Representative Enhancement Is Fair And Reasonable

The named Plaintiffs herein are entitled to reasonable service payments for their efforts and initiative in bringing and helping to prosecute this action. Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation. *Ingram v. The Coca Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685, 694. Plaintiffs spent a considerable amount of time better apprising themselves of their rights, deciding whether remedial action should be taken, how it should be taken, searching for attorneys, and finally contacting Class Counsel, who spent many hours with each of them discussing the case and the law. (Ortiz Decl., ¶ 31-33.)  In the end Plaintiffs decided to vindicate not only their own rights but also those of former co-workers by filing class-action lawsuits.

Plaintiffs have been intimately involved in this case since its inception, even before this case was a consolidated action. Plaintiffs have devoted a substantial amount of time in helping Class Counsel effectively develop and prosecute this action at every stage of the litigation by providing information about Defendants, reviewing documents, producing relevant documents, identifying witnesses, consulting Class Counsel numerous times, monitoring the progress of the litigation through regular telephone calls and meetings, and reviewing and signing the settlement agreement.

In light of the foregoing Class Counsel believe that enhancement awards in the amount of $7,500 each for Plaintiffs Alexis Gomez, Mario Gonzalez, Vivian Y. Ramos Valderrama, Ronnelle Silas, Dominque Gonzales, and Francisco Zuleta for serving as class representatives is fair and reasonable given the risks, the assistance provided, the time expended in bring this case, and the favorable resolution Plaintiffs achieved for the members of the proposed class.  (Ortiz Decl., ¶ 31-34.)

> 3.  The Settlement Fairly, Reasonably, and Adequately Compensates Settlement Class Members Because Each Settlement Class Member Will Be Paid Based on the Extent of His or Her Injury

Individual Class Payments will be calculated based on the Settlement Class Member's pro rata share of the total number of Workweeks during the Class Period. Because Settlement Class members who worked more Workweeks and/or more pay periods would have been subject to more of the alleged wage and hour violations than those who worked fewer, this method of distribution compensates Settlement Class members based on the estimated extent of their injuries and is thus fair, adequate, and reasonable.

> 4.  The Absence of Any Objections and Opt-Outs Confirms that the Settlement is Fair, Adequate, and Reasonable

Settlement Class members' response to a settlement is relevant in evaluating whether it merits final approval. A lack of objections and requests for exclusion supports a fairness presumption. *See, e.g., Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004). Here, not a single Settlement Class Member has objected to the Settlement or elected to opt-out. See Ortiz Decl., ¶ 30; Labow Decl., ¶ 10. The extremely favorable response of the Settlement Class further confirms that the Settlement is fair, adequate, and reasonable.

## C. **Plaintiff's Requested Attorneys' Fees and Costs Are Reasonable**

The parties have agreed that, subject to approval by this Court, Class Counsel should be paid an award of $318,000.00 for attorneys' fees and $39,000.00 for

litigation costs. The requested fees are fair compensation for the five law firms involved in undertaking complex, expensive, and time-consuming litigation solely on a contingent basis. (Ortiz Decl. ¶¶ 30-44.) Defendants do not oppose the amount of the award in light of the work performed and benefits provided to the Class Members.

California courts routinely look to the federal courts on class action approvals. The Ninth Circuit has recognized that an appropriate method for awarding attorneys' fees in class actions is to award a percentage of the "common fund" created as a result of the settlement. *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769. The purpose of the common fund/percentage approach is to "spread litigation costs proportionally among all the beneficiaries so that the active beneficiary does not bear the entire burden alone." *Ibid.* Accordingly, under Ninth Circuit law, the District Court has discretion to choose either the percentage-of-the-fund or the lodestar method. *In re Wash. Pub. Power Supply Sys. Sec. Litigation* (9th Cir. 1994) 19 F.3d 1291, 1295-96.

The Ninth Circuit has also held that the common fund doctrine applies when: (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced; and (3) the fee can be shifted with some exactitude to those benefitting. *See Paul, Johnson, Alston & Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268, 271. These criteria are "easily met" when "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum [settlement] recovered on his behalf." *Id.* at 271. Under this test, the common fund doctrine applies here because there is a sufficiently identifiable class of beneficiaries (e.g. the settlement class), the benefits can be accurately traced to the settlement Plaintiff and his counsel were able to negotiate on behalf of the class, and the fee can be shifted with exactitude to those benefitting as the fee request is a specific, lump-sum portion of the common fund. *See Sanders v. City of Los Angeles* (1970) 3 Cal.3d 252, 261; *Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715, 726.

Class Counsels' application for attorneys' fees in light of the facts and circumstances surrounding this case is well within the range of reasonableness. Historically, courts have awarded percentage fees in the range of 20% to 50% of the common fund, depending on the circumstances of the case. Newberg, at §14.03; *see also In re Activision Securities Litigation*, 723 F. Supp. at 1378. According to Newberg:

> No general rule can be articulated on what is a reasonable percentage of a common fund. Usually 50% of the fund is the upper limit on a reasonable fee award from a common fund in order to assure that the fees do not consume a disproportionate part of the recovery obtained for the class, although somewhat larger percentages are not unprecedented.

Newberg, § 14.03. Newberg further notes: "[A]chievement of a substantial recovery with modest hours expended should not be penalized but should be rewarded for considerations of time saved by superior services performed." Newberg, §§ 14-10:14-11.

The attorneys'-fees request provided for in the Agreement is commensurate with judicial precedent. Both state and federal courts regularly approve fee awards equal to or greater than the percentage requested in this case. *See,* e.g., *In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373, 379 (affirming an award equal to 33% of the common fund); *In re Activision Securities Litigation*, 723 F.Supp. at 1375 (awarding plaintiffs' counsel 32.8% of the common fund created to settle the litigation); *In re Ampicillin Antitrust Litigation* (D. D.C. 1981) 526 F.Supp. 494 (awarding 45% of $7.3 million settlement fund); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp. (*S.D.N.Y. 1979) 480 F. Supp.1195, aff'd 622 F.2d 1106 (2d Cir. 1980) (approximately 53% of the settlement fund awarded); *Van Gemert v. Boeing Co.* (S.D. N.Y. 1981) 516 F.Supp. 412, 420 (awarding 36% of settlement fund); *Parker v. City of Los Angeles* (1974) 44 Cal.App.3d 556, 557-568 (affirming fee award to counsel of one-third (1/3) of recovery achieved).

Here, Class Counsel have borne the entire risk and costs of litigation and will not receive any compensation until recovery is obtained. (Ortiz Decl. ¶¶ 30-33.) The Court should also consider the benefit obtained by Class Counsel on behalf of Class Members. Finally, based on Class Counsel's hourly rates, Class Counsel's attorneys' fees would justify the requested amount. (Ortiz Decl. ¶¶ 28-30.) Thus, the requested award for Class Counsel is reasonable.

**D. <u>The Court Should Finally Approve the Requested Administrative Costs</u>**

Plaintiffs also request that the Court approve $15,500.00 in settlement administration costs to CPT. CPT performed duties in connection with this Settlement that were integral in effectuating the Settlement and the Notice process. Among other things, CPT calculated each Settlement Class member's individual Settlement Share, updated addresses contained in the class data supplied by Defendants, formatted Notices for mailing, mailed Notices to Settlement Class members in English and Spanish, kept the Parties informed of the status of the Notice process, and otherwise administered the Settlement. *See* Ortiz Decl., ¶¶ 23-25; Labow Decl.). For these reasons, CPT's requested costs are fair, reasonable, and adequate, and should be finally approved.

**V. <u>CONCLUSION</u>**

For the reasons stated herein, Plaintiffs respectfully submit that this court should grant Plaintiffs' Motion in its entirety and adopt the [Proposed] Judgment and Order Granting Final Approval of Class Action Settlement submitted herewith.

Dated: December 8, 2025          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                 **A PROFESSIONAL LAW CORPORATION**


                                 By: /s/ Samantha L. Ortiz
                                     Ramin R. Younessi, Esq.
                                     Samantha L. Ortiz, Esq.
                                     Attorneys for Plaintiffs
                                     Mario Gonzalez and Vivian Y. Ramos
                                     Valderrama

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT AND
ATTORNEYS' FEES AND COSTS